## ALEXANDER v. RHODES.

A tenant has no right of action against a landlord for personal injuries sustained while attempting to pass from the rented house when the landlord had the steps leading therefrom removed for the purpose of making necessary repairs, this condition of the premises being well known to the tenant before and at the time of the injury. This is true notwithstanding an emergency to leave at the particular time and place when egress from the house was sought, which could not have been foreseen by the landlord in time to prepare temporary facilities for a safe exit from the house.

Argued May 18, — Decided July 19, 1898.

Action for damages. Before Judge Reid. City court of Atlanta. November term, 1897.

This suit was on account of injuries which the tenant alleged were sustained by her in consequence of the condition of the landlord's premises. The defendant demurred on the ground that no cause of action was set forth, because the declaration showed that plaintiff knew of the existence of the alleged cause of the injury at the time the same happened, and of all the facts and circumstances which made the injury possible. The court sustained the demurrer, and the plaintiff excepted. The declaration alleged, that the plaintiff occupied one room of a certain house as tenant of the defendant, who was the owner of the premises; that the room had one door in front leading to the street and one door in the rear leading to the back yard, which rear door was five feet above the ground, with steps leading therefrom to the back yard and to the closet belonging to the premises, situated in the back yard, and said door and steps

were the only means of egress and ingress to and from the back yard and closet, the back yard and closet being completely fenced off from the front, so that they could not be reached except through said back door. Said closet was the only one she had access to. The defendant was having certain repairs made on the premises, and removed the steps from said back door, leaving no means of egress or ingress to and from said yard and closet, except sliding or jumping from said door to the ground and climbing back again; and plaintiff, having a necessity, by reason of what is called a "call of nature," to leave the room and visit said closet in the yard, attempted to leave the room by the back door as aforesaid, and proceeded to do so by catching hold of the door-facing and attempting to slide or ease herself down to the ground, that being the only reasonably safe method of doing so. In her attempt to leave the room in this manner, her hold on the door-facing slipped and she fell to the ground beneath, thereby sustaining injuries described. She was in the exercise of every degree of care and caution, and was negligent in no particular. The defendant was negligent in removing the steps and in not providing reasonably safe means of egress and ingress. Plaintiff was using the means of leaving said room provided or left by the defendant, and using the same carefully, and thought she could do so safely.

*James L. Key*, for plaintiff.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, for defendant.

SIMMONS, C. J.   The landlord was complying with his duties under the law. He was making needed repairs, which had, doubtless, been demanded by the tenant. There was no negligence, on the part of the landlord, in removing the steps in order to make the repairs. There was no notice given him, before the steps were removed or afterward, of the emergency which necessitated the tenant's leaving the house. Without calling on the landlord or his agent to replace the steps or to provide means of egress from the house in order to respond to the emergency, the tenant undertook to descend "by sliding or easing herself down to the ground." In so doing she assumed the risk or hazard. She slipped and fell and was injured in

this attempt to lower herself to the ground, and this fall was clearly occasioned by her own negligence or was attributable to accident alone.

The facts of this case differ from those of *Johnson* v. *Collins*, 98 *Ga.* 271. In that case the landlord had made repairs, but had done so in a manner so negligent that the tenant, in attempting to use the steps, was injured. In this case, the landlord was in the act of making repairs, the tenant saw the danger and assumed the risk, and we can not see that the landlord was in any manner negligent or upon what principle he could be held liable. *Judgment affirmed. All the Justices concurring.*