42716. HEARN v. BARDEN.

Submitted April 5, 1967—Decided May 5, 1967.

*James E. Hardy,* for appellant.

*Powell, Goldstein, Frazer & Murphy, John T. Marshall, Kendrick W. Mattox, Jr.,* for appellee.

QUILLIAN, Judge. A landlord has no duty of inspection "for the purpose of discovering defects arising subsequent to the time of the lease, and he is, therefore, not liable to his tenant for injuries resulting from defects thus arising, unless he has had actual knowledge of them, or has been notified of such defects and has failed to make repairs within a reasonable time, and the tenant could not have avoided the injuries resulting therefrom by the exercise of ordinary care on his own part." *Finley v. Williams,* 45 Ga. App. 863, 864 (1) (166 SE 265).

In our view the plaintiff can not recover because the petition reveals that she failed to exercise ordinary care for her own safety. The petition alleges "the plaintiff knew said nails were in said door." A landlord is not liable for injuries to a tenant arising from a patent defect of which the tenant knew, or had means of knowing equal to those of the landlord. *Waddell v.*

*Wofford Oil Co.*, 84 Ga. App. 617 (66 SE2d 806). "When rented premises become defective and unsafe it is the duty of the tenant to refrain from using that part of the premises the use of which would be attended with danger. It is his duty to exercise ordinary care for his own safety, and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs." *Jackson v. Davis*, 39 Ga. App. 621 (147 SE 913); *Bixby v. Sinclair Refining Co.*, 74 Ga. App. 626 (40 SE2d 677).

This case is controlled by *Taylor v. Boyce*, 105 Ga. App. 434 (124 SE2d 647), and *Alexander v. Rhodes*, 104 Ga. 807 (30 SE 968), which held that even though the plaintiff alleged that the route chosen was one of necessity, yet where the plaintiff knew of the danger he assumed the risk and was guilty of such negligence as would bar recovery.

*Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527), relied upon by the plaintiff, is distinguishable since there it was pointed out that the plaintiff had no actual notice or knowledge of the defect.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*