## 65255. POTTS v. FIDELITY FRUIT & PRODUCE COMPANY, INC. et al.

BANKE, Judge.

The appellant sued to recover for personal injuries which he allegedly sustained when he was bitten by a spider while unloading bananas from a truck. The incident occurred during the course of his employment with Colonial Stores. The defendants are the local distributor of the bananas, Fidelity Fruit and Produce Co., Inc., and the transporter, Refrigerated Transport Co., Inc. Liability was originally predicated both on ordinary negligence and negligence *per se* under the Georgia Food Act, former Code Ann. §§ 42-301 et seq.

(OCGA §§ 26-2-20 et seq.). However, the appellant has since conceded that the evidence would not sustain a finding of ordinary negligence. This appeal is from a grant of summary judgment in favor of Fidelity Fruit and Produce Co., Inc., as to the negligence *per se* claim, based on a determination that the appellant is not among the class of persons whom the Georgia Food Act was designed to protect. *Held:*

In determining whether the violation of a statute or ordinance is negligence *per se* as to a particular person, it is necessary to examine the purposes of the legislation and decide (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against. *Rhodes v. Baker,* 116 Ga. App. 157, 160 (156 SE2d 545) (1967); *Huckabee v. Grace,* 48 Ga. App. 621, 636 (173 SE 744) (1933). Having examined the provisions of the Georgia Food Act, we agree fully with the following analysis made by the trial court: "Clearly, the Act is a consumer protection act, designed not to render the workplace a safer environment, but to prevent the sale and distribution of adulterated or misbranded foods to consumers. While safety in the workplace, and compensation for injuries arising out of work activities, are indeed matters of contemporary concern, they are the subject of other legislative enactments on both the state and federal level." Because the appellant's alleged injuries did not arise incident to his consumption of the bananas, we hold that the trial court was correct in concluding that the Act affords him no basis for recovery.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 25, 1983 —

*Andrew R. Kirschner,* for appellant.
*Peter K. Kintz,* for appellees.