73743. LINDSEY v. HOUSING AUTHORITY OF ATLANTA.
(354 SE2d 13)

SOGNIER, Judge.

Eli Lindsey brought this action for damages against the Housing Authority of the City of Atlanta as a result of a slip and fall outside his residence on a sidewalk maintained by the Housing Authority. The trial court granted the Housing Authority's motion for summary judgment and Lindsey appeals.

In his deposition, appellant testified he had lived his entire life at

his current residence and he could not remember a time when the elevation in the sidewalk on which he fell had not existed. The elevation was arguably caused by tree roots under the cement. Appellant testified he had stumbled over the elevation more than 50 times, that he had traversed the sidewalk under identical lighting conditions for years, and that he knew the elevation was there the night he fell. Although appellant introduced an affidavit from his mother asserting the sidewalk was the sole route from the residence to a nearby street, appellant testified in his deposition that the door to his residence could be approached from any direction.

We affirm the trial court's grant of summary judgment to appellee. "It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. [Cits.]" *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984). The record is uncontroverted that appellant's knowledge of the elevation in the sidewalk was equal to or superior to appellee's knowledge. See *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981). Appellant's testimony discloses that the route he chose was not one of necessity, thereby distinguishing *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985); *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977) and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337) (1974). Nor does the record support a claim that appellant was relying on assurances by appellee that the alleged defects in lighting and in the sidewalk elevation would be repaired, distinguishing *Richardson*, supra, and *Plant v. Lowman*, 134 Ga. App. 752 (216 SE2d 631) (1975). Although on motion for summary judgment the evidence must be construed most strongly against the movant and the party opposing the motion is entitled to all inferences which may fairly and reasonably be drawn in support of his case, *Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278, 279 (291 SE2d 13) (1982), appellee carried its burden of negating at least one of the essential elements of appellant's case and therefore was properly granted summary judgment. See generally *White v. Fred F. French Mgt. Co.*, 177 Ga. App. 661 (340 SE2d 276) (1986); *Cowart*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1987.

*Gary M. Nadler*, for appellant.
*Nicholas C. Moraitakis*, for appellee.