### 74184. TAYLOR et al. v. McDONALD.
(359 SE2d 1)

SOGNIER, Judge.

Sara McDonald sued Roy Taylor and Debbie Black, the owner and resident manager, respectively, of Taylor Apartments, to recover damages for injuries she sustained when she fell on a common walkway. The trial court denied Taylor and Black's motion for summary judgment, and we granted interlocutory appeal.

The record reveals that both appellee and her daughter, Diane Thomas, rented apartments in the complex. Thomas' apartment was located across the way and upstairs from that of appellee. Approximately four to six weeks prior to appellee's fall, an automobile had backed into a support post at the complex, jarring loose the connection between the concrete stairs and the wooden decking which

floored the upstairs walkway, thereby creating a gap of approximately one to two inches in width. It is uncontroverted that appellee's daily visits to the Thomas apartment required her to traverse the damaged area, which was the sole means of ingress and egress for that apartment.

Appellants contend the trial court erred by denying their motion for summary judgment because it is undisputed that appellee had equal knowledge of any defect which may have been the cause of her fall. "It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. [Cits.]" *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984). The record establishes that appellee's knowledge of the gap in the walkway was at least equal to that of appellants. See *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814 (354 SE2d 13) (1987). We find no merit in appellee's argument that despite her admittedly equal knowledge of the defect, under the rule set forth in *Richardson*, supra, and in *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977), *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985), and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337) (1974), she is entitled to recover because the damaged walkway provided the sole means of ingress and egress to Thomas' apartment. It is uncontroverted that appellee was not a tenant in that apartment, and thus appellee never was "a captive in her own apartment," *Hull*, supra at 270. The cases cited by appellee are thus distinguishable. Further, the record establishes the fall occurred in daylight when the crack was clearly visible and easily avoided had appellee exercised proper care for her own safety. "Assuming, arguendo, that the presence of the [crack] constituted actionable negligence on [appellants] part, we have often held that ' "[an invitee] must exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the [owner's] negligence after it becomes apparent to [her] *or in the exercise of ordinary care [she] should have learned of it*. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her]." [Cit.]' (Emphasis supplied). [Cits.]" *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210, 211 (335 SE2d 451) (1985). The facts are undisputed that appellee knew about the crack and had traversed it by choice safely at least daily for four to six weeks. Even construing the evidence in the light most favorable to appellee as the nonmovant, see *Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278, 279 (291 SE2d 13) (1982), the only reasonable explanation for her fall is her failure to exercise ordinary care for her own safety. In the absence

of any conflict as to any material issue of fact, appellants were entitled to judgment as a matter of law, and the trial court therefore erred by denying their motion for summary judgment. See *Belk-Hudson Co. of Moultrie v. Patterson*, 178 Ga. App. 16, 18 (342 SE2d 2) (1986).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 27, 1987 —
REHEARING DENIED JUNE 17, 1987 — ▮▮▮▮▮▮▮

*William A. Turner, Jr.*, for appellants.
*James D. Hudson*, for appellee.