## 75650. MOTES v. 6 'S' COMPANY.
(366 SE2d 358)

Sognier, Judge.

Mattie J. Motes appeals from the trial court's grant of summary judgment in favor of The 6 'S' Company, d/b/a McDonalds, in this slip and fall action.

The record reveals that after consuming a sandwich at appellee's Macon Mall restaurant, appellant walked over to visit an acquaintance in the upper dining area, which required ascending two steps: one onto an intermediary tread, the second onto the upper level itself. Appellant fell as she descended these steps. The evidence is undisputed that the steps were uncongested with customers, the lighting was ample, appellant's vision was unimpeded and she was not distracted from observing her descent. Further, there was no evidence that any foreign object was present on the steps. The floor and steps were made of tile, the slippery nature of which appellant was aware at the time she traversed the steps. Appellant knew as she ascended and descended the steps that there was no handrail; nothing prevented her from observing that the edge of the steps consisted of rounded tile without grooves or non-slip safety treading. Appellant stated in her deposition that she fell when, after shifting all her weight onto her right foot positioned on the intermediary tread, her foot slipped on the rounded slippery edge of that step.

" 'Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.' [Cit.] In order for a plaintiff to recover, two elements must be proven: '(1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. [Cit.] [Cit.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn [the invitee] and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of [this] knowledge, assumes the risks and dangers incident to the known condition.' [Cits.]" *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987).

Appellant contends summary judgment should not have been granted to appellee on the basis of her equal knowledge of the condition of the steps because appellee was negligent per se in maintaining steps in violation of the Southern Building Code standards, which the City of Macon had adopted by ordinance. In particular, appellant points to the absence of a handrail and the lack of uniformity in riser height, both in violation of the building code standards. Even assuming, arguendo, that the building code standards applied to the steps in question and appellee's violation thereof constituted negligence per se, we do not agree with appellant that this requires reversal of the

trial court's grant of summary judgment in favor of appellee.

"The expression 'negligence per se,' . . . is sometimes used to denote those transactions in which an unquestionable wrong is so directed against a particular person that damages are bound to ensue to him, and is therefore practically synonymous with the expression 'actionable per se'; but accurately employed, it has a more limited meaning. Negligence, it should be remembered, is in itself only one of the essential elements prerequisite to a cause of action in a given case. Every violation of any of those duties of omission or commission which, arising from man's state as a social being, have received recognition by the law of the land, either generally or specifically, is an act of negligence. So long as these duties remained undefined only in abstract general terms, a breach is not properly denominated negligence per se; but when any specific act or dereliction is so universally wrongful as to attract the attention of the lawmaking power, and this concrete wrong is expressly prohibited by law or ordinance, a violation of this law, a commission of the specific act forbidden, is, for civil purposes, correctly called negligence per se. . . . Th[e] artificial distinction, between negligence per se and negligence not per se, respects, therefore, merely the method by which the existence of negligence is to be ascertained in particular instances. When once its existence is determined, whether through the court's judicial cognizance or the jury's finding as a matter of fact, there is no further distinction made; and the one form of negligence has, in the further consideration of the case, just the same effect as the other — no more, no less. Salt is just salt, whether dug from the mine in its natural state and called salt at once, or crystallized in some chemist's laboratory and called NaCl; the savor is the same in both cases." *Platt v. Southern Photo &c. Co.*, 4 Ga. App. 159, 163-164 (2) (60 SE 1068) (1908).

Thus, even construing the evidence most strongly in behalf of appellant as the non-movant, *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986), and even assuming that appellee was negligent in not maintaining the steps at its facility in accord with the building codes, appellant is nevertheless not entitled to recover where it is clear that her knowledge of the alleged "defective condition" and potential danger evidenced by the slippery tiled step was equal to that of appellee. This is particularly true since appellant had only minutes before traversed the same route of which she now complains. See *Garnett v. Mathison*, 179 Ga. App. 242, 243 (345 SE2d 919) (1986). We note that in *Garnett* we affirmed the trial court's grant of summary judgment to the defendant therein on both common law negligence and negligence per se, as alleged in the plaintiff's complaint. We do not read *Garnett* as intimating that questions of fact regarding a theory of recovery based on the defendant's alleged negligence per se in and of itself would defeat a motion for summary judgment made by

the defendant based upon uncontroverted evidence that the plaintiff's knowledge of the defective or dangerous condition equalled or exceeded the proprietor's knowledge.

Appellee having carried its burden of negating at least one of the essential elements of appellant's case, the trial court properly granted summary judgment in favor of appellee. *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, 815 (354 SE2d 13) (1987).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED FEBRUARY 9, 1988 —
REHEARING DENIED FEBRUARY 25, 1988 — 

*Russell M. Boston*, for appellant.
*C. Ashley Royal, Jerry A. Lumley, Craig N. Cowart*, for appellee.