75269. HOHNERLEIN v. THOMAS.
(367 SE2d 95)

McMURRAY, Presiding Judge.

Plaintiff is the mother-in-law of a tenant in a rental home of which defendant, as executor, is landlord. Plaintiff's complaint alleges that while she was leaving the dwelling after a visit, the heel of her shoe caught between the boards of the front porch causing a fall which injured her. Defendant's motion for summary judgment was denied and we granted defendant's application for interlocutory appeal. The sole enumeration of error submits that the state court erred in denying defendant's motion for summary judgment. *Held*:

Generally, " '[m]embers of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the ten-

ant as to the right of recovery for injuries arising from failure to keep the premises in repair. (Cits)' *Crossgrove v. Atlantic Coast Line R. Co.*, 30 Ga. App. 462, 464 (2) (118 SE 694) (1923). 'A guest of a tenant is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises.' *Rothberg v. Bradley*, 85 Ga. App. 477 (2) (69 SE2d 293) (1952)." *Paul v. Sharpe*, 181 Ga. App. 443, 444 (1) (352 SE2d 626). " 'It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it. (Cits.)' *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984)." *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, 815 (354 SE2d 13).

In the case sub judice, the record shows that plaintiff's knowledge of the defective condition of the porch of the rental house was at least equal to that of defendant. There is no issue presented as to lack of visibility of the peril or lack of appreciation of the danger. Indeed, plaintiff's deposition testimony shows her appreciation of the specific hazard which befell her, testifying that immediately before the fall she looked down to see that she was standing on a solid board as she did not want to step in any of the "ragged edges" on the front porch. Plaintiff's fall occurred when she turned to leave. Although plaintiff did not look where she was walking as she turned to leave, she insists that her shoe caught in one of the "ragged edges," causing her fall. See *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, supra; *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28).

Regardless of the uncontroverted evidence that plaintiff acted with full knowledge of the danger, the state court concluded that in view of our decision in *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158, 159 (335 SE2d 408) (1985), jury issues remained. However, subsequent to the date of the state court's order, our decision in *Taylor v. McDonald*, 183 Ga. App. 320, 321 (359 SE2d 1) (1987), clarified that the exception stated in *Grier* is applicable only to tenants of a dwelling. The state court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 9, 1988.

*R. Kran Riddle*, for appellant.
*Roy L. Allen, Jr., Kevin E. Perry*, for appellee.