A89A1390. HALL et al. v. THOMPSON.
(388 SE2d 381)

BIRDSONG, Judge.

This is a defective condition case, arising from the plaintiff's fall when a plank broke on the porch of her mother's rented house. Plaintiff's mother had lived in the house 10-12 years and this plank had "sagged" for years. Plaintiff visited her mother each day and crossed this plank, always avoiding stepping on it because she knew it was hazardous. On this day, she forgot about the plank's condition and stepped on it, whereupon it sagged and broke. Plaintiff conceded she had never made a specific complaint to the landlord about this plank. *Held*:

1. The trial court granted summary judgment to defendant landlord, evidently upon the basis that the landlord did not possess "superior knowledge" of this hazardous condition. See generally *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327); *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136, 138 (207 SE2d 532).

The ruling in this case is correct. Even though the condition of the premises may be hazardous and the landlord negligent, he may not be liable for injury where plaintiff had equal or superior knowledge of the alleged defect. If plaintiff knows of a defect, "(she) must make use of all (her) senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might

cause hurt to (her)." *King Hardware Co. v. Teplis*, 91 Ga. App. 13, 15 (84 SE2d 686); *Taylor v. McDonald*, 183 Ga. App. 320, 321 (359 SE2d 1).

There is no material issue of fact in the case that plaintiff had *specific* knowledge of the condition of the plank and of the particular danger of stepping on it. See *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846). She simply forgot to be careful; this forgetfulness or inattention to a known specific danger does not make the defendant liable for her injury.

Appellant cites *Thompson v. Crownover*, 259 Ga. 126 (377 SE2d 660), as authority imposing liability on the landlord, but in that case, it was clear the landlord had specific prior notice of the deteriorating condition of the gas heater which injured the plaintiff. Moreover, *Thompson* involved an inherently dangerous defect which the tenants could hardly avoid, or at least there is a substantial jury question on that issue. It cannot easily be compared to a case like this involving a loose plank which the plaintiff has avoided in the past and clearly could have avoided on this occasion, with the exercise of ordinary care. Further, we find it imperative to note that although *Thompson* has reaffirmed the existence in Georgia of the landlord's duty to exercise reasonable care in repairing defective conditions and keeping his premises in repair (id. pp. 128-129); and, although ordinarily questions of the plaintiff's own negligence or assumption of risk are not susceptible to summary adjudication (i.e., p. 129), nevertheless the classic rules of negligence still apply in this state. These rules impose liability only where the landlord has actual or constructive superior knowledge, and the plaintiff has a duty to exercise ordinary care for her own safety. To say otherwise would be to relieve tenants of any duty of care and impose absolute liability upon landlords for all defective conditions which could have been repaired before the injury. If it is crystal clear as it is in this case (but was not in *Thompson*), that the plaintiff is at least equally aware of the specific hazardous condition and could have avoided it but simply failed to exercise ordinary care, the case is clearly subject to summary adjudication. Nothing in *Thompson* imposed an absolute liability upon landlords, nor do we believe the Supreme Court intended to do so.

2. Appellant has failed completely to follow the Rules of this court with regard to filing her appellate brief. See Rule 15, Court of Appeals. She includes no enumerations of error in the brief, but merely "incorporates" her brief from the court below. The structure of the brief does not even minimally comply with Rule 15 in all its parts. The appeal is subject to dismissal, for noncompliance with jurisdictional structural rules places a substantive burden upon the appellate court. However, in view of our ruling in Division 1 affirming the trial court's ruling on clear grounds, we see no need to dismiss

this appeal.
*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1989 —
REHEARING DENIED NOVEMBER 17, 1989 —

*Sherry L. Stenson*, for appellants.
*Kelly, Denney, Pease & Allison, Ronald W. Self*, for appellee.