A90A1724. WELLS v. CITIZENS & SOUTHERN TRUST COMPANY et al.
(403 SE2d 826)

BANKE, Presiding Judge.

Appellant Wells sued the appellees, as the owners and managers of his apartment complex, to recover for injuries allegedly sustained when he fell while descending a stairway leading from his apartment to a parking lot behind the building. The appellant alleged that the stairway was insufficiently illuminated and that the appellees were liable for allowing such an unsafe condition to exist on the premises. The case is before us on appeal from the grant of the appellees' motion for summary judgment.

The appellant had been a resident of the building for approximately seven months at the time of the incident. His apartment had both a front and rear door, each opening to a separate stairway. On the night in question, the appellant exited his apartment through the rear door, as he routinely did several times a day. Upon closing the door behind him, he observed that the overhead light above the stairway was not on, but he nevertheless proceeded downstairs. Upon reaching a concrete landing located fewer than five steps from the top of the stairway and only two or three steps from the bottom, he realized that a second light, positioned outside the screen door at the bottom of the stairway, also was out. He continued on and fell on the final step, believing in the darkness that he had already reached the bottom of the stairway. There was testimony that the distance between the top of the stairway and the ground was only about five feet and that if the fixture outside the screen door had been on, the light from it would have been visible from the top of the stairs. *Held:*

While a landlord is under a statutory duty to keep the premises in repair (see OCGA §§ 44-7-13; 44-7-14), he is not an insurer of his tenants' safety. See generally *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (2) (210 SE2d 337) (1974). "Even though the condition of the premises may be hazardous and the landlord negligent, he

may not be liable for injury where the [tenant] had equal or superior knowledge of the alleged defect. If a [tenant] knows of a defect, '[he] must use all of [his] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [him].' [Cits.]" *Hall v. Thompson*, 193 Ga. App. 574 (388 SE2d 381) (1989). "Although the issue of the plaintiff's exercise of due diligence for his own safety is ordinarily reserved for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable." *Soucy v. Alexander*, 172 Ga. App. 501, 502 (323 SE2d 662) (1984).

The appellant is charged "with knowledge of those defects which he had actually observed or which were so transparently obvious that his failure to observe them cannot reasonably be excused." *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 32 (378 SE2d 154) (1989). It is apparent beyond dispute that the appellant was aware that the stairway was not illuminated before beginning his descent and that an alternate safe means of egress was readily accessible to him, which he chose not to use. Compare *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984) (where the alternate stairway provided a less safe means of egress). Thus, even assuming arguendo the truth of his contention that the apartment manager had previously been notified of the lack of lighting on the stairway, it is apparent that the appellant's knowledge of the alleged hazard was at least equal to that of the appellees. We hold that by electing to use the stairway under these circumstances, he assumed the risk of injury as a matter of law and is thus barred from recovery. Accord *Bryan v. Buddy Patrick, Inc.*, 192 Ga. App. 713 (386 SE2d 374) (1989). We do not interpret the Supreme Court's decision in *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989), as requiring a contrary conclusion, as the allegedly unsafe condition there was a defective gas heater which was inherently dangerous and which the plaintiff had no alternative to using. "If it is crystal clear as it is in this case (but was not in *Thompson [v. Crownover]*), that the plaintiff is at least equally aware of the specific hazardous condition and could have avoided it but simply failed to exercise ordinary care, the case is clearly subject to summary adjudication. Nothing in *Thompson [v. Crownover]* imposed an absolute liability upon landlords, nor do we believe the Supreme Court intended to do so." *Hall v. Thompson*, supra, 193 Ga. App. at 575.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided February 19, 1991 —
Rehearing denied March 12, 1991 — 

*Jack F. Witcher, John W. Kilgo, John W. Sherrod*, for appellant.

*Neely & Player, William C. Thompson, Julianna Kauderer, Leigh M. Wilco, Patrick K. Whaley*, for appellees.