A91A2014. SPENCER v. LITTLE BROWNIE PROPERTIES, INC.
(416 SE2d 851)

CARLEY, Presiding Judge.

Appellant-plaintiff fell down a flight of stairs on property owned by appellee-defendant. Seeking to recover for injuries sustained in this fall, appellant filed suit against appellee. Appellant appeals from the trial court's grant of appellee's motion for summary judgment.

Construed most favorably for appellant and most strongly against appellee the evidence shows the following: As appellant began to lose her balance at the head of the flight of stairs, she reached for the handrail. However, the handrail "leaned over. It gave way. . . . It seemed to come loose. . . ." When the loose handrail gave way, nothing prevented her "from going down all those steps. . . ."

On this evidence, it is immaterial that appellant does not know what caused her to lose her footing at the head of the flight of stairs. She does not allege that appellee's negligence caused her *initially* to *slip.* She seeks to recover on the basis that appellee's alleged negligent maintenance of the handrail was the proximate cause of her failure to regain her footing *after* she slipped and that, as the consequence of that negligently maintained handrail, she *fell* down the steps.

Whether the failure to provide a handrail constitutes a negligent omission is "to be determined upon the circumstances of each case. In making this determination the location, height and width of the steps or walkway would have to be considered." *Fitzpatrick v. Jim Clay Ford,* 126 Ga. App. 58, 59 (1) (189 SE2d 876) (1972). In the instant case, however, it is not the failure to provide a handrail that is alleged as negligence. Appellee *did* provide a handrail and the alleged negligent omission is appellee's failure to maintain that handrail so that it would serve its intended purpose of providing users of the stairs with a secure means of keeping their balance as they ascended or descended the stairs. Having undertaken to provide a handrail, appellee was obligated to maintain it non-negligently. *Atlanta Center, Ltd. v. Cox,* 178 Ga. App. 184, 185 (341 SE2d 15) (1986). "[A] business invitee may reasonably assume that the furnishings upon business premises, when they present no obvious hazard, are safe for the use for which they apparently were intended; and ordinary care requires a business proprietor, who has the opportunity to discover the condition of furnishings he places on the premises, to ascertain that they are safe for use under the conditions contemplated." *Peaster v. William Sikes &c. VFW,* 113 Ga. App. 211, 212 (147 SE2d 686) (1966).

Accordingly, if appellee, in the exercise of ordinary care, knew or should have known that its handrail was loose and if, but for the loose handrail, appellant would have regained her footing rather than fallen down the flight of stairs, appellee may be found liable for appellant's injuries. "[T]he rule . . . is that if the defendant, by the exercise of ordinary care, could have discovered the defect causing the injury, he will be liable for a failure to warn invitees coming upon the premises of such defect even though he did not actually know of its existence, where such defect proximately contributes to the injury." *Atlanta Paper Co. v. Sigmon*, 82 Ga. App. 730, 733-734 (1) (62 SE2d 363) (1950).

Appellee's motion for summary judgment was based upon the erroneous premise that appellant's lack of knowledge as to the cause of her initial loss of footing precluded her recovery. Appellee's evidence does not negate its alleged negligent maintenance of the handrail as the proximate cause of appellant's failure to regain her footing and of her consequent fall down the stairway. Accordingly, genuine issues of material fact remain and the trial court erred in granting summary judgment in favor of appellee. See generally *Fitzpatrick v. Jim Clay Ford*, supra at 58 (1). If, as the result of the initial loss of her footing, appellant would nevertheless have fallen down the stairs notwithstanding appellee's loose handrail, there can be no recovery. However, issues of appellee's negligence, appellant's contributory negligence, and the proximate cause of the fall down the stairs are, on the record before us, for the jury to resolve.

*Judgment reversed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 11, 1992.

*Nicholas & Weeks, Stephen W. Nicholas*, for appellant.
*Peter L. Lublin, Sam F. Lowe III*, for appellee.

