A94A1615. PHILLIPS v. KING.
(448 SE2d 780)

POPE, Chief Judge.

Plaintiff, an 81-year-old woman who slipped and fell on the steps of her rented home, appeals the trial court's grant of summary judgment for defendant landlord.

We view the evidence in the light most favorable to the plaintiff and give her the benefit of all reasonable doubts and inferences. See *Demarest v. Moore*, 201 Ga. App. 90 (1) (410 SE2d 191) (1991). Plaintiff moved into her home more than two years prior to the fall. During the first rainy period, she noticed that the steps became slimy and

dangerous. She notified defendant of the dangerous condition at that time, and defendant said she would get someone over there. No one came to fix the problem, however, and the dangerous condition worsened over time due to water pouring from holes in the downspout over the steps. Each month plaintiff would remind defendant's son about the problem when he came to collect the rent, and each month he would laugh and say they would get around to it. There were two other sets of steps leading in and out of the house, but they appeared to be even more dangerous than those where the accident occurred. On the day of plaintiff's fall, she was watching where she was going and moving very slowly and carefully, purposely stepping on the least slimy part of the top step. Nonetheless, her foot slipped out from under her and she tumbled to the ground.

The trial court erred in granting summary judgment for defendant. Although plaintiff's knowledge of the dangerous condition was at least equal to that of defendant, this will always be the case when a tenant has repeatedly complained about a dangerous condition and a landlord has failed to fix it. Thus, our Supreme Court has recognized that strict application of the superior knowledge rule in the landlord-tenant context would be inconsistent with the legislature's determination that, as a matter of public policy, landlords have a duty to repair problematic conditions in leased premises. See *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989); OCGA § 44-7-13. Indeed, this policy — that a landlord must make repairs and shall be liable for physical harm caused a tenant by the landlord's failure to exercise care to repair a known dangerous condition — is so strong that the legislature will not even allow a tenant to waive his right to damages for a breach of the landlord's duty through a provision in a lease. See *Country Club Apartments v. Scott*, 246 Ga. 443 (271 SE2d 841) (1980); OCGA § 44-7-2. As the result of its recognition of this policy and its importance, the Supreme Court in *Thompson* held that a plaintiff/tenant's equal or superior knowledge of a dangerous condition will not always preclude his or her recovery for injuries caused by that dangerous condition. 259 Ga. at 129-130.[1] See also *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158, 159 (335 SE2d 408) (1985) ("Whatever force the doctrines of superior knowledge and assumption of risk may have in cases involving the liability of property owners to business customers, they have certainly been relaxed in recent years in the landlord-tenant setting.").

A review of post-*Thompson* cases shows that the knowledge of

---

[1] Defendant asserts *Thompson* is inapposite because unlike the dangerous condition in this case, the hazard in *Thompson* constituted a violation of specific housing code provisions. However, neither OCGA § 44-7-13 nor the policy it embodies are limited to the rectification of specific housing code violations.

the parties has certainly not become irrelevant. The tenant still must show that the landlord had notice of the problem. See *Harris v. Sloan*, 199 Ga. App. 340 (1) (405 SE2d 68) (1991). Where both tenant and landlord were aware of the problem, however, the question has become: Given the tenant's equal or superior knowledge, could he or she have avoided the accident, either by avoiding the problematic area or by using it more cautiously? Cf. *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991) (summary judgment was properly granted for the defendant where the plaintiff chose to use a dark rear stairway as a matter of convenience, even though he could have used an alternative, but less convenient, means of egress); *Hall v. Thompson*, 193 Ga. App. 574 (1) (388 SE2d 381) (1989) (summary judgment was properly granted for the defendant where the plaintiff could have been careful and stepped over a broken plank on the porch, as she had done many times before, but she forgot to be careful and step over it on the day of the accident).

In this case, there is evidence that defendant had notice of the problem with the steps; that any alternative means of egress were even more dangerous than the steps plaintiff used;[2] and that plaintiff was very careful as she descended the steps on the day of the accident, but nonetheless fell. Under these circumstances, a jury could conclude plaintiff could not have avoided the accident. Accordingly, summary judgment for defendant was improper.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 27, 1994.

*Patrick J. Araguel, Jr.,* for appellant.
*Self, Mullins, Robinson & Marchetti, J. Ronald Mullins, Jr.,* for appellee.

---

[2] We reject defendant's suggestion that plaintiff could have avoided the problem by staying in her house, as she did not really "need" to go anywhere that day. Regardless of why plaintiff wished to go out, she did not have to pursue an alternative which would have made her "a virtual prisoner in her own [home]." *Grier v. Jeffco Mgmt. Co.*, supra. See also *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984) (where plaintiff had to choose the "lesser of two evils" in choosing to exit by one of two dangerous sets of steps, defendant could not rely on plaintiff's knowledge because the danger could not be avoided).