A94A2084. WATTS v. JAFFS et al.
(455 SE2d 328)

JOHNSON, Judge.

Debbie Jaffs and her husband brought this action against William Watts seeking to recover for injuries sustained when Jaffs fell down the steps of an apartment building owned by Watts. Jaffs was ascending the stairs of the building to visit a tenant when she lost her footing. She reached for a handrail to avoid falling, but none was present and she fell to the bottom of the stairs. The Jaffs complain that Watts was negligent in failing to provide a handrail and in failing to post a sign warning of the danger. Watts filed a motion for summary judgment, which the trial court denied. We granted Watts' application for interlocutory appeal.

Watts' motion for summary judgment was based on the premise that the absence of a handrail is a patent condition and that because Jaffs had equal knowledge of the condition, she is precluded from recovery. We disagree and affirm the order of the trial court. Watts is correct that there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care. See *Smith v. Housing Auth. of the City of Athens*, 212 Ga. App. 503, 506 (441 SE2d 847) (1994). However, the fact that a defect is obvious does not necessarily bar recovery when the defect is in violation of a duty created by a statute or administrative regulation. *Bastien v. Metropolitan Park Lake Assoc.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993); *Commerce Properties v. Linthicum*, 209 Ga. App.

853, 854 (2) (434 SE2d 769) (1993). The Official Code of Georgia provides that a landlord must keep the premises in repair and is responsible for damages arising from the failure to do so. OCGA §§ 44-7-13; 44-7-14. The Code also specifically provides that a landlord cannot avoid his duty to repair created by housing codes. OCGA § 44-7-2 (b) (3); *Thompson v. Crownover,* 259 Ga. 126, 129 (3) (381 SE2d 283) (1989). In *Bastien,* supra, we reversed the grant of summary judgment to the landlord where a tenant attributed her injuries to the absence of a handrail and a building code required that a handrail be provided.[1] In this case, two years prior to the accident, the City of Savannah adopted the "One and Two Family Dwelling Code," which requires that handrails be provided on at least one side of stairways having three or more steps. Savannah City Code, Art. G, Sec. 8-1131; R-214.1. Watts does not dispute the contention that he is bound by the Savannah City Code. Nor does he deny that the stairway in his two-unit apartment building has more than three steps and at the time of the accident had no handrails in place. Watts also defends on the basis that a handrail had previously been in place, but that he removed it a month before the accident so it could be repaired. As stated above, a landlord has a duty to keep the premises in repair. OCGA § 44-7-13. A jury must decide whether Watts failed to exercise reasonable care with regard to the handrail and whether the condition constituted a violation of the dwelling code. See *Thompson,* supra at 129 (4), (5). Likewise, issues of Jaffs' own negligence and the proximate cause of her fall are for the jury to resolve. See *Spencer v. Little Brownie Properties,* 203 Ga. App. 324, 325 (416 SE2d 851) (1992). As genuine issues of material fact remain, the trial court did not err in denying Watts' motion for summary judgment.

Watts' reliance upon cases not involving residential housing to support his position that summary judgment should have been granted is misplaced. In recent years our courts have come to recognize a state policy of prevention of unsafe residential housing, holding landlords liable in tort for failure to correct conditions that exist in violation of the duties created by the housing codes and other legislation. See *Thompson,* supra. Our holding here is consistent with that policy.

*Judgment affirmed. McMurray, P. J., Pope, P. J., Blackburn, Smith and Ruffin, JJ., concur. Beasley, C. J., concurs specially. Birdsong, P. J., and Andrews, J., dissent.*

---

[1] The fact that Jaffs was a guest rather than a tenant is immaterial, as a person on the premises by the express or implied invitation of the tenant stands in the tenant's shoes and has the same right of recovery for injuries arising from the landlord's failure to keep the premises in repair as does the tenant. See *Hohnerlein v. Thomas,* 186 Ga. App. 282 (367 SE2d 95) (1988); *Paul v. Sharpe,* 181 Ga. App. 443, 444 (1) (352 SE2d 626) (1987).

BEASLEY, Chief Judge, concurring specially.

I concur because the policymaker, in this case the city through ordinance, has decreed the landlord's duty to provide a handrail. The obvious purpose is to assure a measure of safety to persons traversing stairs, to prevent their injury from falling. Violation of the ordinance constitutes negligence per se. See *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988). Thus defendant has not negated the first element of plaintiff's burden of proof, "fault on the part of the owner." *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987). It is a jury question whether such negligence was the proximate cause of the injury. *Northwestern Mut. Life Ins. Co. v. McGivern*, 132 Ga. App. 297, 301 (2) (208 SE2d 258) (1974).

Enforcement of the ordinance is not limited to the imposition of fines or other sanctions by the governing authority which discovers the violation by way of its own investigation or monitoring or by way of citizen complaint. It is also enforceable by holding liable, to persons for whom the requirement exists, those whose failure to comply causes injury. See *Huckabee v. Grace*, 48 Ga. App. 621, 632 (173 SE 744) (1934); *Jones v. Dixie Drive It Yourself System*, 97 Ga. App. 669 (104 SE2d 497) (1958); *Potts v. Fidelity Fruit &c. Co.*, 165 Ga. App. 546, 547 (301 SE2d 903) (1983).

Nor has defendant foreclosed the second element required to be proved by plaintiff, i.e., "ignorance of the danger on the part of the invitee." (Punctuation omitted.) *Gyles, Inc.*, supra.

Equal knowledge of the hazard did not exist as a matter of law. The landlord knew the handrail had been removed, but the guest was unaware of its absence until she began to fall. She testified that she grabbed for it, but nothing was there, and she went all the way to the bottom of the staircase. She explained that she did not realize there was no handrail as she ascended the stairs because one does not normally assure oneself that such is present before beginning a climb. It is true that the lack of a handrail was obvious to one who looked for it, as she admitted, but whether it was a lack of due care for her not to do so, is a jury question. This case differs from *Motes*, supra, in that plaintiff Motes "knew as she ascended and descended the steps that there was no handrail." Id. at 67. Her knowledge of this condition "was equal to that of appellee" 6 'S' Company. Id. at 68.

*Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993), which cites *Motes*, is also an equal knowledge case. There was no conflicting evidence on this point of fact. Moreover, it did not involve the absence of a handrail. Instead, plaintiff fell on a sloped threshold which, even if it were regarded as a hazardous condition, was discoverable and avoidable by plaintiff in the exercise of ordinary care, as a matter of law. Id. at 115. Plaintiff Sullivan simply did not observe the floor upon where she was placing her feet. Thus she had constructive

equal knowledge.

ANDREWS, Judge, dissenting.

I respectfully dissent.

Jaffs brought this action against Watts for injuries she suffered when she lost her footing and fell while ascending stairs leading to second story apartments located in an apartment building owned and rented by Watts. Jaffs was not a tenant in the building, but was going to visit a friend who was a tenant in one of the upstairs apartments. Jaffs contends that, if there had been a handrail on the stairs, she could have grabbed it and avoided the fall. The record shows that the stairs did not have a handrail at the time of the fall because Watts had temporarily removed it to make repairs to the handrail. Jaffs claims that Watts was negligent in failing to have a handrail on the stairs when the accident occurred, and she produced evidence that the lack of a handrail violated a city housing ordinance. Jaffs admitted that the absence of a handrail was plainly visible.

Relying on *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) and *Bastien v. Metropolitan Park Lake Assoc.*, 209 Ga. App. 881 (434 SE2d 736) (1993) (applying *Thompson*, supra), the majority states that "the fact that a defect is obvious does not necessarily bar recovery when the defect is in violation of a duty created by a statute or administrative regulation." Majority, p. 566. Then, citing *Spencer v. Little Brownie Properties*, 203 Ga. App. 324, 325 (416 SE2d 851) (1992), the majority concludes that, despite Jaffs' admission that the defect was plainly visible, a jury question remains as to Watts' liability.

The effect of *Thompson v. Crownover*, supra, on the application of the equal or superior knowledge rule as a bar to recovery in land-lord-tenant cases has been variously characterized by this Court. See *Phillips v. King*, 214 Ga. App. 712 (448 SE2d 780) (1994) (*Thompson* found strict application of equal or superior knowledge rule would be inconsistent with the landlord's statutory duty to repair; tenant's equal knowledge will not always preclude recovery; issue is whether the tenant could have avoided the accident); *Roth v. Wu*, 199 Ga. App. 665 (405 SE2d 741) (1991) (*Thompson* involved case where the defect rendered the apartment unsafe or uninhabitable); *Harris v. Sloan*, 199 Ga. App. 340 (405 SE2d 68) (1991) (*Thompson* not applicable in latent defect cases); *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991) (unsafe heater in *Thompson* was inherently dangerous and tenant had no alternative but to use it); *Spence v. C & S Nat. Bank*, 195 Ga. App. 294 (393 SE2d 1) (1990) (dicta suggesting that, after *Thompson*, issues such as negligent failure to repair, knowledge of the danger, and the "necessity rule" are reserved solely to the factfinder); *Hall v. Thompson*, 193 Ga. App. 574 (388 SE2d

381) (1989) (*Thompson* involved inherently dangerous defect where a jury question existed as to whether or not the tenant could have avoided the danger).

In *Thompson,* the tenant notified the landlord on several occasions that the heater in the apartment was defective and in need of repair. In addition, the housing inspector notified the landlord that the heating facilities were in poor condition and constituted a hazard rendering the property unsafe for human occupancy. The landlord failed to repair the heater after these notices, and the tenant was eventually seriously burned by the defective heater.

The majority opinion in *Thompson v. Crownover,* supra, was fully adopted by only three justices; one justice in the majority wrote a special concurrence, and three justices dissented without opinion. In declaring that a landlord cannot avoid duties created by statute or housing codes (see OCGA §§ 44-7-13; 44-7-2 (b)), the majority opinion in *Thompson,* supra at 129, stated that "[t]he public policy of this state supports the position advanced by the Restatement of Law 2d, Property, § 17.6, which [states as] follows: 'A landlord (should be) subject to liability for physical harm caused to the tenant and others upon the leased property with the consent of the tenant or his subtenants by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of: (1) an implied warranty of habitability; or (2) a duty created by statute or administrative regulation.' " However, official comment (b) accompanying the Restatement section quoted in the majority opinion makes clear that, although the landlord is subjected to tort liability, "he has available all the usual defenses to an action in negligence, including contributory negligence and assumption of risk."

Despite the tenant's knowledge of the defective heater, a four-justice majority in *Thompson,* nevertheless, concluded that there was a jury question as to the landlord's liability for the tenant's injuries. However, only three of the four justices in the majority adopted the unqualified position that whether or not the tenant had assumed the risk of injury was a jury question. Id. at 129 (5). The same three justices also concluded that whether or not the tenant was compelled by necessity to use the defective heater was a question of fact. Id. at 130 (6). Justice Hunt, one of the four justices comprising the majority, concurred specially writing that: "[T]he central issue is whether [the tenant's] admitted knowledge of the heater's condition acts, under the doctrine of assumption of the risk, as a bar to any recovery. But for the 'rule of necessity' I think it would." (Footnote omitted.) Id. at 130.

Thus, there was no majority holding in *Thompson* abandoning application of the equal or superior knowledge rule as a bar to recov-

ery by tenants in cases where landlords are alleged to be in violation of duties created by statute or housing codes, nor did *Thompson* establish that in all such cases it is a jury question as to whether the landlord is liable for damages arising from a violation of those duties. "[A]lthough *Thompson* has reaffirmed the existence in Georgia of the landlord's duty to exercise reasonable care in repairing defective conditions and keeping his premises in repair . . . nevertheless the classic rules of negligence still apply in this state. These rules impose liability only where the landlord has actual or constructive superior knowledge [of the alleged defective condition], and the plaintiff has a duty to exercise ordinary care for her own safety." *Hall*, supra at 575; *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 178 (424 SE2d 855) (1992). "This is merely a manifestation of the general rule regarding the liability of proprietors for injuries to invitees occurring on the premises." (Citations omitted.) *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984).

The four-justice majority in *Thompson* did, however, conclude that, despite the tenant's knowledge of the defective heater, she was not barred from recovery because a question of fact existed in that case under the "necessity rule." Id. at 130. Accordingly, the primary significance of *Thompson* as to application of the equal or superior knowledge rule was the Supreme Court's sanction of a developing line of "necessity rule" cases decided in this Court tempering strict application of the rule by recognizing that a tenant's equal knowledge of a defective condition will not necessarily bar recovery where a factual issue exists as to whether the tenant had no alternative but to assume the risk and encounter the dangerous condition. See *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 193 (210 SE2d 337) (1974); *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977); *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985); *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872, 874 (446 SE2d 755) (1994). By implication, *Thompson* overruled contrary authority in cases such as *Alexander v. Rhodes*, 104 Ga. 807 (30 SE 968) (1898); *Clements v. Blanchard*, 141 Ga. 311, 312 (80 SE 1004) (1914); and *Hearn v. Barden*, 115 Ga. App. 708, 710 (155 SE2d 649) (1967), which held that, where the tenant knew of the defective condition in the rented premises and failed to avoid it, he assumed the risk of injury and was barred from recovering from the landlord, despite any showing of necessity.

Since the absence of a handrail was plainly visible to Jaffs, she had equal knowledge of the defect in this case, and is barred from recovery under the equal or superior knowledge rule.[2] As demon-

---

[2] I agree with the majority that, as a guest present by express or implied invitation, Jaffs

strated above, *Thompson*, supra, does not require a contrary result. In *Bastien*, supra, cited by the majority, the facts were similar to those in the present case. There, a tenant fell while negotiating steps leading to her apartment and sued the landlord alleging that there was no handrail on the stairs, and that the absence of a handrail violated an applicable building code. Id. at 881-882. *Thompson* was relied upon to support the conclusion that, even though the defect was obvious to the tenant, the trial court erred by granting summary judgment in favor of the landlord under the equal knowledge rule because the landlord could not avoid duties created by housing codes. Id. at 882. There was no discussion as to whether the tenant claimed under the "necessity rule" that there was no other means of ingress or egress to the apartment. To the extent *Bastien* construes *Thompson* as abolishing the equal knowledge rule as a bar to recovery under these circumstances, it should be overruled. The majority's further reliance on *Spencer*, supra, as authority that a factual issue exists as to whether Jaffs had equal knowledge of the defect is misplaced. In *Spencer*, the plaintiff fell after she lost her balance on stairs and reached out for the handrail, which came loose when she grabbed it. The alleged negligence was not an obvious failure to provide a handrail, but a negligent failure to properly maintain the handrail, which presented no obvious hazard to an invitee. Id. at 324.

Violation of a housing code is negligence per se, no more — no less. Negligence per se is not liability per se (see *Northwestern Mut. Life Ins. Co. v. McGivern*, 132 Ga. App. 297, 301 (208 SE2d 258) (1974); *Biggs v. Long*, 212 Ga. App. 195, 199, n. 4 (441 SE2d 677) (1994)), nor does it foreclose a determination, as a matter of law, that a tenant's own negligence was the sole proximate cause of injury. *Thompson v. Crownover*, 186 Ga. App. 633, 636 (368 SE2d 170) (1988), rev'd on other grounds, 259 Ga. 126, supra. As this Court noted in addressing a premises liability claim against a restaurant in *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 116 (427 SE2d 86) (1993), "[e]ven if plaintiff could show that the maintenance of the threshold was negligence per se as a violation of the building code, she would nevertheless by [sic] precluded from recovering because of the equal knowledge rule."

---

stood in the tenant's shoes, and her rights of recovery for failure of the landlord to keep the premises in repair are generally controlled by the rules governing the tenant's right to recovery. *Hohnerlein v. Thomas*, 186 Ga. App. 282 (367 SE2d 95) (1988). However, an important exception exists. Because she was not a tenant in the apartment she was visiting, Jaffs was not entitled to claim under the "necessity rule" that there was no other means of ingress or egress, and that she was forced to assume the risk of ascending the stairs without a handrail. *Taylor v. McDonald*, 183 Ga. App. 320, 321 (359 SE2d 1) (1987); *Hohnerlein*, supra at 283. In any event, Jaffs does not attempt to make any claim under the necessity rule, and her claim is subject to application of the equal or superior knowledge rule.

The majority's holding is neither good law nor good "policy."

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED MARCH 9, 1995 —

Beckmann & Pinson, Luhr G. Beckmann, Jr., Tracy A. Chesser, Walter W. Ballew III, for appellant.

Richard C. Metz, for appellees.