A10A1373. LARISCY v. ESCHETTE.
(702 SE2d 49)

ANDREWS, Presiding Judge.

Nancy M. Eschette sued Martin H. Lariscy for injuries she suffered when she fell down stairs at Lariscy's house. At the time of the fall, Lariscy rented the house to tenants, and Eschette was at the house as a guest of the tenants. Eschette alleged that her fall resulted from "the negligent construction and maintenance of the [house] and from a failure of [Lariscy] to ensure the safety of those who visited the premises." We granted Lariscy's application for an interlocutory appeal from the trial court's denial of his motion for summary judgment. For the following reasons, we find that Lariscy was entitled to summary judgment and reverse.

At her deposition, Eschette testified that she agreed to look after the tenants' dog while they were away from the rented house on a trip. After bringing the dog back to the house using the back stairs entrance, she exited the house by the back stairs and fell down the stairs. Prior to the fall, Eschette had visited the tenants at the house on numerous occasions, had previously entered and exited the house by using the back stairs and the front stairs, and was well aware of the condition of both stairs. Although she had never previously fallen on the front or back stairs, it was Eschette's opinion that both stairs to the house were unsafe — the front stairs because they were "rickety" and "swayed" and were not adequately lighted at night, and the back stairs because they lacked a handrail and did not have a landing area at the top near the door. Eschette said that she used the back stairs to return the dog and exit the house because it was at night and the back stairs were well lighted. Eschette testified that she had no memory of the fall or how she fell, and that her last memory was exiting the house at the top of the stairs and turning the lock on the door. Evidence showed that Eschette was found unconscious at the bottom of the stairs. Despite having no memory of the fall, Eschette contended that the lack of a handrail contributed to her fall. In support of this contention, she pointed to evidence that, as she fell down the stairs, her clothes brushed a dusty residue off the wall of the house adjacent to the stairs where a handrail could have been affixed.

> Generally, members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair. . . . [T]he true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises is the landlord's superior knowledge of the condition and of the danger resulting from it.

(Citations and punctuation omitted.) *Hohnerlein v. Thomas*, 186 Ga. App. 282-283 (367 SE2d 95) (1988); *Alexander v. Rhodes*, 104 Ga. 807 (30 SE 968) (1898); *Hearn v. Barden*, 115 Ga. App. 708 (155 SE2d 649) (1967); *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984); *Hall v. Thompson*, 193 Ga. App. 574-575 (388 SE2d 381) (1989). It follows that, in order for Eschette to recover from Lariscy for injuries she claimed were caused or contributed to by a defect in the stairs, she was required to show that Lariscy had superior knowledge of the defect. Eschette failed to make this showing because her deposition testimony showed that she had

traversed the back stairs many times before her fall, and that she was well aware of the two defective conditions of which she complained — that the stairs lacked a handrail and a landing near the top. Because undisputed evidence showed that Eschette had knowledge of the alleged defective condition on the premises equal to that of Lariscy, the trial court erred by denying Lariscy's motion for summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Eschette claimed that, even though she knew about the defective conditions in both stairs to the house, a jury issue was presented under the so-called "necessity rule" because, to enter and exit the house, she necessarily had to assume the risk of injury and confront the defects in either the front or back stairs. See *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 193 (210 SE2d 337) (1974); *Hull v. Massachusetts Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977); *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872, 874 (446 SE2d 755) (1994). But the "necessity rule" applies to tenants of the rented premises, not to a guest of a tenant. *Hohnerlein*, 186 Ga. App. at 283; *Taylor v. McDonald*, 183 Ga. App. 320, 321 (359 SE2d 1) (1987). Although Eschette also claimed that a jury issue was presented because the lack of a handrail on the stairs violated applicable building codes (see *Watts v. Jaffs*, 216 Ga. App. 565-566 (455 SE2d 328) (1995)), this claim fails because she did not produce any evidence of the building codes she claims were violated. *Norman v. Jones Lang LaSalle Americas*, 277 Ga. App. 621, 628-629 (627 SE2d 382) (2006).

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 24, 2010.

*Brennan, Harris & Rominger, Britton G. White, Edward R. Stabell III*, for appellant.
*Virginia E. Patterson*, for appellee.