## 67326. VETERANS OF FOREIGN WARS, POST NO. 665 v. SWEET.

SOGNIER, Judge.

Eleanor Sweet sued the Veterans of Foreign Wars, Post 665 (VFW) to recover damages for injuries sustained when she fell over a coat rack in the VFW's hallway. Sweet alleged the VFW was negligent in the placement of the coat rack in the hallway and in the dim lighting of that hallway. The trial court denied VFW's motion for summary judgment and we granted the application for interlocutory appeal.

Sweet was a frequent visitor to the VFW, and at each visit she entered and exited by the door in the hallway containing the coat rack. On the afternoon in question, Sweet noticed upon arrival at the VFW that the coat rack was further out into the hallway than usual and was cautioned by her daughter to be careful of the coat rack. As Sweet was preparing to leave the VFW around 5:00 p.m., the door in the hallway opened to admit other visitors. Sweet stepped aside to allow the others to pass, and tripped on the base of the coat rack, the subsequent fall inflicting the injuries for which she now sues.

VFW contends the trial court erred in denying its motion for summary judgment. Liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative "knowledge" possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. *Telligman v. Monumental Properties,* 161 Ga. App. 13, 14 (2) (288 SE2d 846) (1982). "The invitee must also exercise ordinary care for his own safety and must by the same degree of care avoid the effect of the owner or occupier's negligence when it becomes apparent to him, or in the exercise of ordinary care should have learned of it. [Cits.]" *Amear v. Hall,* 164 Ga. App. 163, 167 (296 SE2d 611) (1982). "If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of this knowledge, the invitee assumes the risks and dangers incident to a known condition. [Cit.]" *Moss v. Atlanta Housing Auth.,* 160 Ga. App. 555-556 (287 SE2d 619) (1981).

Construing the evidence in the instant case in the light most favorable to Sweet as respondent, summary judgment in favor of VFW was demanded. Sweet stated that she was fully aware of the position of the coat rack and the lighting conditions in the hallway. Because Sweet admitted specific knowledge of all conditions prior to her injury which she alleges were the cause of that injury, and because on motion for summary judgment she failed to show that any other

unusual circumstances existed which prevented her from exercising the ordinary care expected from an invitee, (see contra *Johnson v. Ga. Kraft Co.,* 167 Ga. App. 585, 586 (307 SE2d 103) (1983)), the trial court erred in denying VFW's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 10, 1984.

*Robert C. Martin, Jr.,* for appellants.
*B. Seth Harp, Jr.,* for appellee.