## 72113. GARNETT v. MATHISON.
### (345 SE2d 919)

CARLEY, Judge.

Appellant entered upon the business premises of appellee to make a purchase. After making her purchase, appellant departed through the single doorway that served as the entrance and exit to the premises. This doorway led to a set of steps which descended to the street. Appellant apparently slipped at the top step, and fell to the street. Appellant brought suit against appellee to recover damages for her injuries. Appellee answered and subsequently filed a motion for summary judgment. The trial court granted appellee's motion, from which order appellant appeals.

1. The allegations of appellant's complaint, as amended, raised theories of common law negligence and of negligence per se. The negligence per se theory was based upon appellee's alleged failure to comply with certain provisions of the city building code. Appellant initially asserts that the trial court erroneously held that the provisions of the city building code were not applicable to the instant case.

The record shows that the building code was adopted in 1971. It was to be applicable to all new construction, as well as to any alterations to existing structures undertaken after that date. The code provisions in question mandate certain construction and maintenance requirements with which appellee's building admittedly did not comply. However, appellee's affidavit states that the building in which his place of business was located had been erected prior to 1968 and that no alterations had been made to the entrance or any other part thereof since that time. Appellant submitted no evidence to the contrary. Thus, appellee's building constitutes a "legal . . . nonconforming use." *Ray v. Gallant-Belk Co.*, 147 Ga. App. 580, 581 (249 SE2d 635) (1978). The evidence showing there to be no violation of any applicable statutory provision, the trial court did not err in granting summary judgment on the negligence per se claim.

2. For appellant to recover under a common law negligence theory, there must have been a defective condition on appellant's premises, which defect was the cause of appellant's fall and of which appellee had superior knowledge. See *Barrow v. James*, 107 Ga. App. 377, 378 (3) (130 SE2d 352) (1963). "The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. 'The true ground of liability is the proprietor's *superior knowledge* of the perilous instru-

mentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.' [Cit.] Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." (Emphasis in original.) *Purvis v. Holiday Hills Property Owners Assn., Inc.*, 163 Ga. App. 387, 388-389 (294 SE2d 592) (1982).

In the instant case, the record reveals that appellant could not testify to the presence of any foreign substance on the steps or near the doorway of appellee's building. Instead, she asserted that a self-closing door and the lack of a handrail on the right side of the doorway caused her to fall. Even assuming that these conditions might constitute defects and that they caused appellant's fall, the record also shows the following: Appellant had been to appellee's place of business a number of times before, and had never had a problem entering or exiting the building. See *Barrow v. James,* supra. Compare *Firestone Svc. Stores v. Gillen,* 58 Ga. App. 782 (199 SE 853) (1938). Appellant had entered the building just moments before, using exactly the same route by which she shortly attempted to depart. The day was bright and the weather clear and dry and there was nothing to impede appellant's vision as she exited. The fact that she had a package in her hands when she departed is not material. See *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420) (1951).

Under the circumstances, it is clear that appellant's knowledge of the alleged "defective condition" and potential danger evidenced by the doorway and the steps was equal to that of appellee. This is especially true since appellant had just traversed the route of which she now complains. Accordingly, appellant would not be entitled to recover in common law negligence from appellee, and the trial court's grant of summary judgment was proper. See generally *Purvis v. Holiday Hills Property Owners Assn.*, supra; *Veterans of Foreign Wars v. Sweet*, 169 Ga. App. 782 (315 SE2d 294) (1984); *Durrance v. Bacon County Hosp. Auth.*, 172 Ga. App. 1 (321 SE2d 767) (1984); *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984); *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985); *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210 (335 SE2d 451) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 29, 1986.

*J. Kenneth Royal*, for appellant.

*Terry A. Dillard*, for appellee.