## 76365. TUCK v. MARRIOTT CORPORATION.

(370 SE2d 795)

BENHAM, Judge.

Appellant sued appellee for injuries she sustained in a fall while walking down steps on appellee's business premises. The evidence showed she had walked up those same steps approximately 15 minutes earlier. Appellant contended that the lighting on the steps was such as to create an optical illusion which caused her to lose her balance and that the absence of a handrail contributed to her loss of balance and to her fall. She testified on deposition that she looked down as she began to descend the steps, noticed that the lighting appeared to be different when descending, and then stepped down. When her foot reached the step, however, it seemed uneven and she lost her balance. Reaching for a handrail, she lost her balance further and fell. There is no evidence that the step was actually uneven.

After suit was filed, some discovery disputes arose and appellant filed a motion to compel discovery. Appellee subsequently filed a motion for summary judgment. The trial court, citing *Lane v. Maxwell Bros. & Asbill*, 136 Ga. App. 712 (222 SE2d 184) (1975), granted appellee's motion. It subsequently denied appellant's motion to compel discovery. We affirm.

1. We agree with the trial court that *Lane* is applicable, especially in its holding that since appellant was "aware of the elevation, any deception or optical illusion which may have contributed to her injury was negated." Id. at 713. We find even more compelling authority in *Garnett v. Mathison*, 179 Ga. App. 242 (345 SE2d 919) (1986). There, as here, there was an allegation of negligence per se and a holding that appellant's equal knowledge of "the alleged defective condition and potential danger . . ." prevented recovery. Id. at 243.

(a) The alleged negligence per se was the absence of or misloca-

tion of a handrail. However, the building code section of which the handrail was alleged to be violative was placed in the record and was shown to be inapplicable since it governed only stairs with more than three risers while the stairs involved here have only two risers. "The evidence showing there to be no violation of any applicable statutory provision, the trial court did not err in granting summary judgment on the negligence per se claim." Id. Division 1.

(b) Relying on the opinion of an expert witness, appellant contends that the trial court erred in not finding that there were questions of fact remaining with regard to whether appellee was negligent. That position takes into account only half of the showing a plaintiff must make in order to prevail in a negligence action. "For appellant to recover under a common law negligence theory, there must have been a defective condition on [appellee's] premises, which defect was the cause of appellant's fall and of which appellee had superior knowledge. [Cit.] 'The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. "The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." [Cit.] Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' [Cit.]" Id. at 243.

There is no allegation that appellant's view of the steps was in any way impaired. Allegations of negligence concerning the lighting on the steps did not include a claim that the steps were too dark to enable appellant to see clearly, only that the lighting was such as to deceive appellant as to the location of the step. As noted, appellant had traversed the same steps only moments before and noticed as she approached on the return trip that the lighting seemed different. "Under the circumstances, it is clear that appellant's knowledge of the alleged 'defective condition' and potential danger evidenced by the . . . steps was equal to that of appellee. This is especially true since appellant had just traversed the route of which she now complains. Accordingly, appellant would not be entitled to recover in common law negligence from appellee, and the trial court's grant of summary judgment was proper. [Cits.]" Id. at 243.

2. In her other enumeration of error, appellant complains of the denial of her motion to compel discovery. We note that appellant made no effort to obtain a hearing on her motion prior to the entry of

summary judgment. The material she sought to discover related to appellee's negligence and to its knowledge of the danger presented by the steps. As we have held, however, the crucial knowledge here was appellant's. More evidence that the steps were defective in the way appellant contended, and evidence that appellee knew of the danger would not change the fact that appellant was also aware of the danger. Although the grant of summary judgment while a motion to compel discovery is pending is generally not condoned, where, as here, the disallowed discovery would add nothing of substance to the party's claim, reversal is not required. *Motz v. Landmark First Nat. Bank,* 154 Ga. App. 858 (4) (270 SE2d 81) (1980).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 8, 1988 —
REHEARING DENIED JUNE 20, 1988 —

*James A. Eidson, James W. Kytle, John E. Talmadge,* for appellant.

*John D. Jones, Margaret L. Milroy,* for appellee.