A90A1339. BOYD v. GARDEN CENTER, INC.
(397 SE2d 626)

BANKE, Presiding Judge.

This is an appeal from a summary judgment for the defendant in a slip-and-fall case.

The defendant, a non-profit corporation formed by five garden clubs, owns an historical home in Valdosta, Georgia, which it rents

out for social functions such as weddings and receptions. The plaintiff's sister rented the house to have her wedding there, and the plaintiff attended as a guest. Prior to the ceremony, the plaintiff went upstairs to pose for some photographs with her sister, using the main stairway located at the front of the house. By the time she was ready to return downstairs, the wedding music had already commenced. She testified during her deposition that as she was about to descend the main stairway, an unidentified woman told her to "take the back stairs," evidently because the bride was about to make her entrance down the main stairway. While attempting to negotiate the back stairway, she slipped and fell.

The plaintiff alleged in her complaint that the back stairway was unsafe because it was very steep, the stairs were worn and slippery, and there was no carpet or other material on them to prevent slipping. She further asserted, both in her complaint and in an affidavit submitted in response to the defendant's motion for summary judgment, that her fall was caused by these alleged defects. During her deposition, however, she testified repeatedly and unequivocally that she had no idea why she had fallen. In her affidavit, she sought to explain this inconsistency by stating that she believed she "had already given [defense counsel] the answers that he was looking for in . . . papers . . . already filed with the court" and therefore "did not completely understand exactly what [he] was asking for" in the deposition. She further averred in her affidavit, for the first time, that she believed she might have "avoided the fall or perhaps lessened its damage to me" if there had been a handrail on the stairway.

During her deposition, the plaintiff further testified, initially, that the unidentified woman who had directed her to use the back stairway had "said she worked there." However, upon being asked to reflect carefully and to state exactly what this woman had told her, the appellant responded that the woman had simply given her directions to the back stairway. The rental chairperson for the defendant corporation testified that the organization had no employees but only volunteers and that if any of its members were present at the house on the occasion in question, they were there simply as guests of the wedding rather than in any official capacity. *Held*:

1. The plaintiff's averment in her affidavit that she slipped on the stairway because it was excessively steep and slippery and because it lacked a handrail clearly was not consistent with her deposition testimony that she had no idea why she had fallen. Where a respondent offers self-contradictory testimony on motion for summary judgment, such testimony will be construed against him unless a reasonable explanation is offered for the contradiction. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). We hold that the trial judge was not required to accept as reasonable the explanation

given by the plaintiff for her contradictory testimony in the present case and consequently was authorized to conclude that she did not in fact know what had caused her to fall. (We note in passing that the plaintiff similarly contradicted herself on the issue of whether the unidentified woman who had given her directions to the back stairway had told her "she worked there" and that no attempt whatever was made to explain this contradiction.)

2. The plaintiff contends that the record contains independent evidence that her fall was caused by one or more of the alleged defects in the stairway in the form of expert opinion testimony to that effect offered by a building contractor. However, while this witness may have been in a position to testify that the stairway was defective, he clearly was in no better position than the plaintiff to form an opinion as to whether her fall was caused by one of these defects. Consequently, his opinion in this regard must, under the circumstances, be considered wholly speculative and without probative value. A contrary conclusion is not required by *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675 (5) (278 SE2d 100) (1981). There, an engineer was permitted to state, on the basis of the physical evidence and the application of basic principles of physics, that the plaintiff's injuries from a bicycle accident were probably attributable to the dropping of the front wheel of her bicycle into a drainage grill, resulting in the sudden stopping of the bicycle and the forward continuation of her body over the handlebars. In the present case, there is no physical evidence which would suggest that the plaintiff's injuries were attributable to a defect in the stairway rather than to some other cause, such as, for example, the possibility that she was in such a hurry to get downstairs that she failed to use due care in negotiating the stairway.

3. To recover in a slip-and-fall case, the plaintiff must do more than prove the existence of an unsafe condition existing on the premises; he or she must also establish a causal connection between that condition and the injuries for which recovery is sought. In *Brown v. RFC Mgmt.*, 189 Ga. App. 603 (376 SE2d 691) (1988), this court held that where a plaintiff was unable to state what had caused her to slip and fall on a stairway located in her apartment building, the defendant property owner was entitled to summary judgment even though there was evidence that the stairway was not illuminated and was covered by a threadbare, loosely fitting carpet which might have caused the fall. Accord *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Bradley v. Red Food Stores*, 179 Ga. App. 39 (345 SE2d 127) (1986). As the plaintiff in the present case similarly testified that she did not know what had caused her to slip on the stairway and as she offered no other probative evidence which would tend to establish a causal connection between her injuries and one or more

of the alleged defects therein, we must conclude that the defendant in this case was similarly entitled to summary judgment. We do not interpret this court's decision in *Best v. Dublin Eye Assoc.*, 188 Ga. App. 225 (372 SE2d 495) (1988), as authority for a contrary result. The plaintiff there consistently and unequivocally maintained that she had slipped because of an alleged defect in a mat covering a portion of a walkway located on the defendants' premises, a mat which had presumably been placed on the walkway to make it less slippery. Although she was unable to state whether her foot had slipped on the mat or whether the mat had slid on the pavement beneath it, we held that since her injuries could, in either event, be attributed to a defect in the mat, this lack of specificity did not entitle the defendants to summary judgment. In the present case, it is not the plaintiff's inability to state the precise manner in which an alleged defect caused her to fall which is at issue but rather her inability to attribute her injuries to any alleged defect whatever.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 9, 1990.

*Helms & Blacknall, J. Jeffrey Helms*, for appellant.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman*, for appellee.