A91A0155. BRAMBLETT v. HANSEL-SCALES, INC. et al.
(409 SE2d 280)

CARLEY, Judge.

Seeking to recover for injuries sustained in a fall down a stairway, appellant-plaintiff brought suit against appellee-defendants. Appellees answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in appellees' favor after eliminating from its consideration the most favorable portions of appellant's testimony regarding the cause of her fall. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). Appellant appeals from that order.

1. The first issue for resolution is whether the trial court was correct in eliminating the favorable portions of appellant's testimony pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, supra.

"In each case, . . . it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. It is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony." *Prophecy Corp. v. Charles Rossignol, Inc.*, supra at 30 (2). A review of the record reveals the existence of no such contradiction in appellant's testimony as to the cause of her fall. Appellant has *consistently* maintained that the carpeting covered a raised board at the head of the stairway and that this carpet-covered unevenness was the obstacle over which she tripped. Compare *Boyd v. Garden Center*, 197 Ga. App. 198, 199 (1) (397 SE2d 626) (1990). It is true that, in several instances in her testimony, appellant acknowledged that she does not have personal knowledge as to what it was that had actually caused her to trip, since she had not been looking down at the time she tripped and, after falling down, she had been unable to return to the head of the stairway. However, the mere fact that appellant had no *personal knowledge* of what had actually caused her to fall would certainly not be inconsistent with her *contentions* as to what had actually caused her to fall. In proving her contentions regarding the cause of her fall, appellant would not be limited to her own personal knowledge testimony. Since there is no inconsistency between appellant's acknowledgment of a lack of personal knowledge on the one hand and her contentions as to the cause of her fall on the other, the trial court erred in eliminating any portion of appellant's testimony from consideration.

2. The existence of a carpet-covered obstacle was otherwise shown by direct evidence and the circumstantial evidence would authorize a finding that it was the cause of appellant's fall. Thus, construing the evidence most favorably for appellant and most strongly against appellees, a genuine issue of material fact remains. Compare *Zellers v. Theater of the Stars*, 171 Ga. App. 406 (319 SE2d 553) (1984). It follows, therefore, that the trial court erred in granting summary judgment in favor of appellees.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — ▄▄▄▄▄▄▄

*Rowe & McGarity, J. Michael McGarity,* for appellant.
*Neely & Player, Leigh M. Wilco, Julie A. Taylor, Julianna Kauderer, Powell, Goldstein, Frazer & Murphy, William V. Custer IV, David G. Ross,* for appellees.