Louise EVANS, Plaintiff-Appellant,

v.

MATHIS FUNERAL HOME, INC., Defendant-Appellee.

No. 92–8856.

United States Court of Appeals, Eleventh Circuit.

July 23, 1993.

---

Samuel S. Olens, Rand & Ezor, Richard Kopelman, Atlanta, GA, for plaintiff-appellant.

Robert R. Gunn, II, Jay C. Traynham, Martin, Snow, Grant & Napier, Macon, GA, for defendant-appellee.

Before FAY, Circuit Judge, JOHNSON, Senior Circuit Judge, and MERHIGE*, Senior District Judge.

JOHNSON, Senior Circuit Judge:

Plaintiff-appellant Louise Evans appeals from the district court's entry of summary judgment in favor of defendant-appellee Mathis Funeral Home, Inc. (the "Funeral Home"), on her tort claim for negligent construction and maintenance. On appeal Evans raises two issues. First, she argues that the district court abused its discretion by partially excluding her expert's testimony. Second, she argues that the district court erred by granting summary judgment in favor of the Funeral Home. We conclude that the district court did not abuse its discretion in partially excluding the expert's testimony. However, we agree with Evans that the district court's entry of summary judgment in favor of the Funeral Home was error.

* Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

## I. STATEMENT OF THE CASE

On September 3, 1989, sometime between 5:30 and 7:30 p.m., Louise Evans entered the Funeral Home. Several hours later, after it became dark, she left. While attempting to descend the steps leading from the Funeral Home, she slipped, reached for the handrail, and fell. As a result of the fall, Evans sustained a segmented fracture of both bones of her left forearm, requiring the insertion of pins and screws. In addition, Evans suffered injuries to her neck. Evans admits that she does not know what caused her to slip.

The steps down which Evans fell were designed by the owner of the Funeral Home. They are made of brick, and descend from a patio that is also made out of brick. Both the stair risers and the tread depth are inconsistent. Because of the differential from riser to riser, the height of the handrail varies with each riser. In addition, the handrail does not begin until the second step.

On July 8, 1991, Evans filed this lawsuit, alleging that the Funeral Home had been negligent (1) in constructing the steps in a defective or hazardous manner and (2) in allowing the steps to remain in a defective or hazardous condition. At the conclusion of discovery, the Funeral Home filed a motion for summary judgment. On August 13, 1992, the district court granted the Funeral Home's motion. Evans now appeals.

## II. DISCUSSION

### A. Admission of Expert Testimony

At the pre-trial conference held by the district court following discovery, the parties disputed whether the testimony of Evans' expert was admissible. Evans' witness, who both parties recognized as an expert in the field of architecture and human factors, was prepared to testify as to the applicable standard of care for step risers and handrails, and was also going to offer his opinion concerning the nature and probable cause of Evans' fall. After briefing by both parties, the district court issued an order excluding that portion of the expert's testimony concerning the nature and probable cause of Evans' fall, but permitting testimony regarding the applicable standard of care. On appeal, Evans contends that this partial exclusion was error.

The district court has broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous. *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962); *Polston v. Boomershine Pontiac–GMC Truck, Inc.*, 952 F.2d 1304, 1309 (11th Cir.1992); *Perkins v. Volkswagen of America, Inc.*, 596 F.2d 681, 682 (5th Cir.1979). In offering his opinion as to the probable cause of Evans' fall, the expert would have testified as to the effect each of the following factors could have had in causing Evans to fall: (1) the uneven risers and treads, (2) the brick patio and steps, (3) the height of the handrail, and (4) the dim light. In barring the expert's testimony as to the probable effect of each of these factors in causing Evans to fall, the district court first found that the effects of the first three factors (the uneven risers and treads, the brick patio and steps, and the handrail height) were all within the common knowledge of the jurors, and thus the probative value of such testimony was outweighed by the danger of prejudice. *See* FED.R.EVID. 403. Second, the district court found that the expert's opinion as to the lighting levels was based on assumptions that were not supported by the record. *See Garwood v. Int'l Paper Co.*, 666 F.2d 217, 223 (5th Cir. Unit B 1982) (not manifest error to exclude expert testimony where expert's testimony based on assumptions unsupported by the record). In light of the reasons offered by the district court, we cannot say that the court's decision to partially exclude the expert's testimony was manifestly erroneous.

### B. Grant of Summary Judgment

Our review of the district court's grant of summary judgment is plenary. *NAACP v. Hunt*, 891 F.2d 1555, 1559 (11th Cir.1990). The moving party is entitled to summary judgment only where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c). On review, we view the record in the light most favorable to the non-

moving party, with all reasonable inferences drawn in that party's favor. *NAACP,* 891 F.2d at 1560.

■ In order to recover damages as an invitee under Georgia law, Evans must show (1) fault on the part of the Funeral Home and (2) ignorance of the danger on her part. *Hospital Auth. v. Bostic,* 198 Ga.App. 500, 402 S.E.2d 103, 103 (1991); *Pound v. Augusta Nat'l, Inc.,* 158 Ga.App. 166, 279 S.E.2d 342, 345 (1981). Because there is a material issue of fact as to both of these elements, the district court erred in granting summary judgment for the Funeral Home.

### 1. Fault on the part of the Funeral Home

■ To establish fault on the part of the Funeral Home, Evans "must do more than prove the existence of an unsafe condition on the premises; ... she must also establish a causal connection between that condition and injuries for which recovery is sought." *Boyd v. Garden Center, Inc.,* 197 Ga.App. 198, 397 S.E.2d 626, 628 (1990). The Funeral Home contends that because Evans testified in her deposition that she had no idea what caused her to fall, she is unable to establish this requirement.

■ The Funeral Home's argument misreads the law. It is not necessary that Evans herself know what caused her to fall; rather, she need only establish a causal connection between the condition and the injury, and this causal connection may be established from surrounding circumstances. *See Bramblett v. Hansel–Scales, Inc.,* 200 Ga. App. 722, 409 S.E.2d 280, 281 (1991) (where plaintiff did not know what caused fall, evidence of causation may be determined from surrounding circumstances). In her deposition, Evans testified that she fell while she was reaching for the handrail. Evans' expert testified that the handrail was defective because it did not begin until the second step and because it varied in height from step to step. Accordingly, Evans has created a material issue of fact as to the causal connection between the allegedly defective handrail and her fall.

This case is remarkably similar to *Spencer v. Little Brownie Properties, Inc.,* 203 Ga. App. 324, 416 S.E.2d 851 (1992), where the plaintiff was injured after reaching for a handrail that gave way. Like Evans, the plaintiff in *Spencer* did not know what caused her to lose her footing. The trial court entered summary judgment for the defendant, holding that the plaintiff's lack of knowledge as to what caused her to lose her footing precluded recovery. The Georgia Court of Appeals reversed, holding that the plaintiff's lack of knowledge as to what caused her to initially lose her footing did not negate recovery because she had alleged a causal connection between the defective handrail and her injury. *Cf. Boyd,* 397 S.E.2d at 628 (where plaintiff could offer *no* evidence of causal connection between her injuries and alleged defects, summary judgment proper).

### 2. Ignorance of the danger on Evans' part

■ Under Georgia law, an invitee who has equal knowledge of the danger cannot recover from the proprietor for the resulting injury. *Purvis v. Holiday Hills Property Owners Ass'n, Inc.,* 163 Ga.App. 387, 294 S.E.2d 592, 594 (1982). The Funeral Home argues that because Evans had walked up the very same stairs several hours prior to her fall and because Evans had traversed the stairs when she visited the Funeral Home two years previously, Evans is presumed to have equal knowledge of the danger.

■ Georgia courts have been willing to presume equal knowledge of hazardous conditions only when one of three factors has been present. None of these factors are present in the case. First, the plaintiff is presumed to have equal knowledge when she has traversed the steps only moments before falling. *See Tuck v. Marriott Corp.,* 187 Ga.App. 567, 370 S.E.2d 795, 797 (1988); *Roberts v. Gardens Servs., Inc.,* 182 Ga.App. 573, 356 S.E.2d 669, 671 (1987). Evans had successfully traversed the steps several hours before the incident rather than moments. Second, the plaintiff may be presumed to have equal knowledge when she has repeatedly been exposed to the hazardous condition. *See Garnett v. Mathison,* 179 Ga.App. 242, 345 S.E.2d 919, 920 (1986); *Purvis,* 294 S.E.2d at 593–94. Evans had

only been exposed to the steps once before, and that exposure occurred two years prior to the night she fell. Finally, the plaintiff is presumed to have equal knowledge when the hazardous condition is static. *See Harpe v. Shoney's, Inc.*, 203 Ga.App. 592, 417 S.E.2d 184, 186 (1992); *Bostic*, 402 S.E.2d at 104. The factors creating the allegedly hazardous condition here were not static—when Evans entered the Funeral Home it was still daylight, and when she left it was dark.

 In the absence of one of these factors, Georgia courts have held that an invitee is precluded from recovering only when her failure to observe the danger amounted to a lack of that care which an ordinarily prudent person would exercise under the circumstances. *Sullivan v. Quisc, Inc.*, 207 Ga.App. 114, 427 S.E.2d 86, 87 (1993); *Shackelford v. DeKalb Farmer's Market, Inc.*, 180 Ga.App. 348, 349 S.E.2d 241, 242 (1986). Evans contends that there is a material question of fact as to whether her failure to observe the alleged dangers in the steps amounted to a lack of care, arguing that when she entered she was ascending the steps during daylight and that when she fell she was descending the steps at night. In addition, she points out that she had used the steps only once before, on a visit to the Funeral Home two years prior to the night she fell. We agree with Evans that there is a material question of fact as to whether her failure to observe the alleged dangers in the steps amounted to a lack of care.

### III. CONCLUSION

For the foregoing reasons, the district court's partial exclusion of the expert testimony is AFFIRMED, and the district court's entry of summary judgment in favor of the Funeral Home is REVERSED and REMANDED.