A95A1529. FOODMAX OF GEORGIA v. FLEMING.
(465 SE2d 489)

McMURRAY, Presiding Judge.

This is a premises liability case in which we have granted permission for defendant Foodmax of Georgia to file an interlocutory appeal from the denial of its motion for summary judgment. Plaintiff Fleming was injured when shopping in defendant's grocery store when she attempted to remove a can of tomatoes from a display stacked to a height of approximately six feet. Plaintiff, who was seventy or seventy-one years of age at the time of the incident, stands approximately five feet, three inches tall. She was struck when the very can she was removing from the stack fell into her face. Plaintiff testified in her deposition that she "tip-toed up" and could just barely reach the can. There is no evidence that any other component of the display was dislodged other than the can plaintiff was attempting to remove.

The complaint alleges the cans of tomatoes were negligently displayed and that the method in which the cans were displayed was inherently dangerous and unsafe. The superior court found jury issues remained as to negligence, assumption of the risk, and whether plaintiff knew and appreciated the danger that a can might fall in her face. The evidence of record shows that plaintiff's allegations of negligence on the part of defendant and unsafe display of the cans of tomatoes is

predicated entirely upon the height of the display. In this connection we repeat that the can which injured plaintiff was that which she had dislodged.

In order for plaintiff to recover on her negligence theory, there must have been a defective condition on defendant's premises which was the cause of plaintiff's injury and of which the defendant had superior knowledge. It is only when the defective condition is known to the owner or occupant of the premises and not known to the person injured that a recovery may be permitted *Garnett v. Mathison*, 179 Ga. App. 242 (2) (345 SE2d 919). Even if the height of the display in the case sub judice is presumed to be such a defective condition, no basis for recovery is shown since plaintiff had knowledge of the height of the display at least equal to that of defendant. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234). Furthermore, the height of the stack of tomato cans was no threat of injury to anyone visiting the store who exercised care for their own safety. *Parsons, Inc. v. Youngblood*, 105 Ga. App. 583, 585 (125 SE2d 518). See also the two judge case of *A. B. C. Drug Co. v. Monroe*, 214 Ga. App. 136 (447 SE2d 315).

Finally, we find no merit in the contention that plaintiff lacked an appreciation of the hazard she voluntarily created by dislodging a can from the top of the display. The force at issue is simply gravity, a force commonly held to be familiar even to young children. *Riley v. Brasunas*, 210 Ga. App. 865, 867 (1) (438 SE2d 113). The superior court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995 —

*Tisinger, Tisinger, Vance & Greer, J. Branson Parker*, for appellant.

*Jack F. Witcher*, for appellee.