## A96A1148. PICKARD et al. v. COOK et al.

(478 SE2d 432)

ANDREWS, Judge.

The Pickards, on behalf of their son, Ronnie, appeal from the trial court's grant of summary judgment to the Cooks on the Pickards' claim that the Cooks were liable for injuries suffered when Boucher's dog entered the fenced backyard of the Cooks during a birthday party and bit Ronnie. The basis for their claim is premises liability, i.e., that the Cooks "fail[ed] to exercise ordinary care in keeping their back yard safe." The Pickards' claim against Boucher, owner of the dog, is not involved in this appeal and remains pending below.

Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), with all inferences in favor of the Pickards, opponents of summary judgment, *Eiberger v. West*, 247 Ga. 767, 769 (281 SE2d 148) (1981), the undisputed facts are that the Cooks held a birthday party for their young daughter in their backyard, which is surrounded by a six-foot-high wooden privacy fence with a gate. Prior to the party, the Cooks secured their dog in an area inside the privacy fence, away from the festivities. Four-year-old Ronnie Pickard, accompanied by his mother, was one of the guests at the party. The Cooks had seen Boucher's dog wandering the neighborhood without a leash and unaccompanied by his owner prior to this incident. They had occasionally fed the dog. During the party, the dog came into the backyard through the gate which had been left open by a guest. Ronnie, with his mother seated approximately ten feet away, attempted to pet the dog, which bit him on the face. Prior to this incident, to the Cooks' knowledge, the dog had shown no vicious propensities nor had he growled at or attacked anyone. There was no evidence that, prior to the bite, either of the Cooks was aware the Boucher dog had come inside the fence during the party.

The trial court granted summary judgment to the Cooks, concluding that Ronnie was a social guest, a licensee, *Knisely v. Gasser*, 198 Ga. App. 795, 797 (2) (403 SE2d 85) (1991), to whom the owner of premises is liable only for wilful or wanton misconduct, OCGA § 51-3-2, of which there was no evidence. We affirm, although on different grounds.

1. Both parties agree that a social guest is a licensee, not an invitee, although they disagree as to the nature of the duty owed to a licensee when an owner knows the licensee is on his premises. Pretermitting this issue, we assume without deciding that, for purposes of this opinion, the duty owed is that of ordinary care, as urged by the Pickards. See *Trammell v. Baird*, 262 Ga. 124, 125 (413 SE2d 445) (1992); *Wade v. Mitchell*, 206 Ga. App. 265 (424 SE2d 810) (1992). The Cooks were still entitled to summary judgment.

2. "In order for plaintiff to recover on [his] negligence theory, there must have been a defective condition on defendant[s'] premises which was the cause of plaintiff's injury and of which the defendant[s] ha[d] superior knowledge. It is only when the defective condition is known to the owner or occupant of the premises and not known to the person injured that a recovery may be permitted. *Garnett v. Mathison*, 179 Ga. App. 242 (2) (345 SE2d 919) [(1986)]." *Foodmax of Ga. v. Fleming*, 219 Ga. App. 469, 470 (465 SE2d 489) (1995).

" ' "The application of [OCGA § 51-3-1] cannot be restricted to purely physical defects in real property or personal property located thereon. It must be interpreted to include risks upon the premises in the nature of vicious animals or ill-tempered individuals likely to inflict harm upon invitees visiting upon the premises." (Cits.) . . .' [Cit.]" *Beard v. Fender*, 179 Ga. App. 465 (346 SE2d 901) (1986) (swarming wasps causing fall from ladder — premises owner had no more knowledge of the likelihood of wasps' propensity to swarm after being sprayed with insecticide than invitee doing the spraying).

Thus, even though this is not per se a "dog bite" case in that the claim against the Cooks is not premised on OCGA § 51-2-7, the Pickards were still required to come forward with evidence of the vicious propensity of the Boucher dog in order to show the dangerous condition of which the premises owner had superior knowledge. *Stanger v. Cato*, 182 Ga. App. 498, 499 (356 SE2d 97) (1987) (fall on owner's premises caused by owner's dog jumping on customer, no superior knowledge shown). See *Rowlette v. Paul*, 219 Ga. App. 597, 599 (466 SE2d 37) (1995); *Hackett v. Dayton Hudson Corp.*, 191 Ga. App. 442, 444 (2) (382 SE2d 180) (1989); *McCree v. Burks*, 129 Ga. App. 678, 679 (200 SE2d 491) (1973).

The Pickards having failed to do so, the Cooks were entitled to summary judgment in their favor.

3. Additionally, Ronnie's mother was present at the party and within ten feet of him when the dog approached. "Where parents are watching their child play on someone else's land and the parents are aware of a dangerous condition, it is the parents' duty, not that of the landowner, to ensure that the child avoids the danger. See *Wren v. Harrison*, 165 Ga. App. 847 (303 SE2d 67) (1983)." *Scoggins v. Brown*, 215 Ga. App. 601, 602 (2) (451 SE2d 478) (1994).

4. A grant of summary judgment must be affirmed if it is right for any reason. *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741) (1994).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1996.

*Thompson, Price & Dozier, Dennis G. Dozier*, for appellants.

*Karsman, Brooks & Callaway, Stanley Karsman, Timothy J. Haeussler*, for appellees.