[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

No. 05-12319
Non-Argument Calendar

_____

D. C. Docket No. 03-00201-CV-4

MARSHA BUCKSON, a minor child by and through
her custodial parent and natural guardian, Joyce Buckson,
JOYCE BUCKSON, individually,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 30, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Joyce Buckson, individually and on behalf of her minor child, Marsha Buckson ("Marsha"), appeals the district court's entry of summary judgment in favor of the United States in this action brought pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346 ("FTCA"). On appeal, Buckson argues the district court erroneously interpreted Georgia premises-liability law on the duties of business owners and invitees. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)).

The parties are familiar with the underlying proceedings and we only summarize the relevant facts here. Buckson sued the United States for personal injuries then-eleven-year-old Marsha incurred as a result of a trip and fall that occurred at the Commissary of a military installation in Fort Stewart, Georgia. While exiting the waiting line at the cash register, Marsha tripped and fell on the rope partitions (soft-clad ropes suspended between free-standing metal stanchions, similar to the partitions one might see at an airport) and sustained injuries to her head, legs, and chest. It was undisputed that, just prior to exiting the partitions, Marsha had accompanied her mother through similar rope partitions, perhaps in a different part of the waiting-line area.

The district court concluded, pursuant to Georgia premises-liability law on the corresponding duties of owners and invitees, that Buckson could not recover.[1] Applying Georgia law, the court stated the following:

> The corresponding duties of owners and invitees have resulted in a two-part test for establishing liability. In order to survive summary judgment, a plaintiff must have evidence that: (1) the defendant had actual or constructive knowledge of the hazard, and (2) the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner.

---

[1] The FTCA provides a waiver of sovereign immunity when the negligent or wrongful conduct of a United States employee causes personal injury or death under circumstances where the United States, if a private person, would be liable in accordance with the substantive law of the place where the conduct occurred. See 28 U.S.C. § 1346(b)(1). Thus, the controlling substantive law in this case is the law of Georgia.

3

Notwithstanding this two-part analysis, when an invitee has successfully traversed an alleged dangerous condition, she is assumed to possess equal or superior knowledge of it. Specifically, Georgia courts presume that an invitee that has successfully traversed an allegedly dangerous area has actual knowledge of the dimensions of the area and that she knows or should know of the potential dangers posed by the area. Accordingly, a plaintiff in that situation cannot recover for a subsequent injury resulting from those dangers.

In this case, it is undisputed that Marsha traversed the partitions just moments before tripping on them. Defendant argues that Marsha should, therefore, be presumed to have at least equal knowledge of the low-lying rope. <u>Plaintiffs entirely fail to respond to this argument in their response brief. They only contend that Marsha could not have gained knowledge of the hazardous rope on her prior visits to the Commissary.</u>

Summary Judgment Order at 9-10 (citations omitted) (emphasis added).

Based on Marsha's equal or superior knowledge of the ropes, the district court presumed Marsha's knowledge of the danger was equal or superior to that of the United States and entered summary judgment, citing our decision in <u>Evans v. Mathis Funeral Homes</u>, 996 F.2d 266, 269 (11th Cir. 1993) (observing that Georgia courts presume plaintiff's equal knowledge of hazardous conditions when, <u>inter alia</u>, "plaintiff has traversed the steps only moments before falling" (citing <u>Tuck v. Marriott Corp.</u>, 370 S.E.2d 795, 797 (Ga. Ct. App. 1988), and <u>Roberts v. Gardens Servs.</u>, Inc., 356 S.E.2d 669, 671 (Ga. Ct. App.1987))).

4

Buckson's argument that the district court erred by focusing on Marsha's knowledge on the day of the fall is inconsistent with both the Georgia law cited in the summary judgment order and Buckson's position in the district court. In the district court, Buckson focused exclusively on the Government's argument that Marsha had presumed equal knowledge of the rope partitions based on her numerous prior visits to the Commissary. Consistent with the district court's analysis, and as we enumerated in Evans, 996 F.2d at 269-70, under Georgia law, presumed equal knowledge based on previous exposure to a hazardous condition is different from presumed equal knowledge based on exposure to the condition "just moments before." The Government relied on both theories in the district court. Buckson made no responsive argument to the Government's position based on exposure "just moments before" the incident. At this late juncture, we will not consider her arguments on this point now. Cf. Novak v. Cobb County Kennestone Hosp. Auth., 74 F.3d 1173, 1177 (11th Cir. 1996) (refusing to consider errors alleged for first time on appeal) (internal citation omitted).[2]

[2]In any event, the district court's analysis was entirely consistent with Georgia premises-liability law and, thus, on the merits, we are unpersuaded by Buckson's arguments.

On this record, the district court correctly determined there was presumed equal knowledge under Georgia law. We have thoroughly reviewed the record and, based on the well-reasoned order of the district court, affirm.

**AFFIRMED.**