A94A0105. FITZGERALD v. STORER CABLE COMMUNICATIONS, INC.
(446 SE2d 755)

SMITH, Judge.

Jackie Fitzgerald brought suit against Storer Cable Communica-

tions, Inc. seeking damages for injuries incurred when he tripped over a television cable left across his driveway by Storer. The trial court originally denied Storer's motion for summary judgment. Subsequently, however, a different trial judge issued a show cause order sua sponte and conducted a hearing on the motion. Following the hearing, Storer's motion for summary judgment was granted.[1]

The record shows that in July 1988 Fitzgerald contracted with Storer for cable television service at his home. When it was installed, cable was left on the ground. The cable ran across the concrete driveway from a telephone pole at the front of Fitzgerald's lot to the house. The cable was slack, and it shifted whenever a car was driven over it. Despite repeated requests from Fitzgerald and his wife and numerous promises and assurances by Storer, the cable was not buried for approximately 20 months.

Fitzgerald was injured during that time while trying to start a motorcycle in the driveway. He leaned over the motorcycle and grasped the handlebars while a friend pushed the rear of the cycle. Although the cable was usually slack, when Fitzgerald turned to follow the contours of the driveway the rear wheel of the cycle caught the cable, pulling it taut, and Fitzgerald's feet then caught on the taut cable. He fell, and the motorcycle fell on him.

This is not a typical "slip and fall" case where liability is premised on ownership or control of the premises. We must apply traditional negligence principles to the facts. Three elements must be proved to establish liability based on negligence: "that the defendant had a legal duty to protect the plaintiff from a foreseeable risk of the alleged harm, that the defendant's act or omission breached this duty, and that there exists a causal connection between the defendant's conduct and the alleged injury sufficient to show that the conduct proximately caused the injury. [Cit.]" *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576 (436 SE2d 690) (1993). We must also view the evidence most favorably for Fitzgerald as respondent on the motion for summary judgment.

Applying those principles, it is clear that the first two elements are present. Storer created a dangerous situation by leaving the cable across Fitzgerald's driveway, and consequently had a duty to act to prevent injury to others, because it would reasonably appear that someone might be injured on the Fitzgeralds' driveway by tripping over the cable despite using ordinary care. See *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 287 (358 SE2d 670) (1987). Storer breached its duty by failing to act to prevent such injury by burying

---

[1] Although not raised by the parties, we note that because the denial of a motion for summary judgment is not res judicata, reconsideration of the motion was proper. *Gaskins v. A. B. C. Drug Co.*, 183 Ga. App. 518, 520, n. 2 (359 SE2d 364) (1987).

the cable. The trial court granted summary judgment to Storer based on Storer's argument that the third element, proximate cause, was missing, reasoning that even assuming Storer's negligence, the proximate cause of Fitzgerald's injuries was not Storer's negligence but Fitzgerald's own lack of due care.

On appeal, Fitzgerald contends the grant of summary judgment to Storer was erroneous. He argues that notwithstanding that he may have had equal or superior knowledge of the danger, and that he may not have exercised due care, Storer should not be insulated from liability for its negligence for several reasons.

1. Fitzgerald argues that Storer is liable under the principle set forth in *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984), because he relied on Storer's assurances that it would correct the defect it created by burying the cable.

In *Richardson*, the plaintiff tenant fell on a poorly-lit stairway at her apartment after making repeated unfulfilled requests that the landlord illuminate the stairwell. Richardson is distinguishable, however, because it involved a landlord-tenant relationship. A landlord has a statutory duty to keep the premises in repair. OCGA § 44-7-13. Allowing the tenant's requests for repairs to insulate the landlord from liability on the ground of "equal knowledge" would subvert the policy behind the statute. No similar statutory duty or public policy exists here. The principle set forth in *Richardson* is therefore not applicable.

Moreover, even in the context of leased premises, one may not recover for damages resulting from a known defect that is open and obvious, except where the "rule of necessity" applies, i.e., where no other choice exists but to use the area known to the tenant to be defective. *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601) (1977). Even a tenant must use all senses in the exercise of ordinary care to avoid known defects. *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826) (1991).

Fitzgerald was aware of the cable's approximate location on his driveway for about twenty months, and he drove over it about five times each day. It was incumbent upon him to take ordinary care to avoid tripping over it. He did so on other occasions. Fitzgerald acknowledged that when mowing the lawn he and other members of his family accommodated the presence of the cable by moving it manually so as to avoid running the lawnmower over it. The width of the cable was less than that of a pen. No reason appears why Fitzgerald could not similarly have avoided this fall simply by choosing to start the motorcycle below the point where the slender cable crossed his driveway. According to the diagram drawn by Fitzgerald at deposition, ample room existed for him to have done so. Instead, knowing of the presence of the cable and the danger it presented, he failed to

exercise ordinary care for his own safety and fell, injuring himself.

2. In a related argument, Fitzgerald also asserts that a lesser standard of care was required of him because he was "distracted" from watching where he was going. See *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507) (1991). However, it is clear that the "distraction" referred to by Fitzgerald was his own concern about running into the flower beds. Where a distraction is self-induced, the plaintiff "can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." (Citations and punctuation omitted.) Id.

3. Fitzgerald also appears to argue that although he was aware of the *presence* of the cable he did not fully appreciate the *risk* it posed. See *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477) (1986). However, unlike *Atkinson*, where a sharp object was hidden in a pile of debris, the "defect" was not hidden here. The known risk was that someone would trip over the visible cable, and that is exactly what occurred.

4. We need not consider Fitzgerald's argument regarding punitive damages, since no compensatory damages were awarded. An award of punitive damages in the absence of any award of compensatory damages is improper as a matter of law. *Cameron v. Moore*, 199 Ga. App. 800, 801 (1) (406 SE2d 133) (1991).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 28, 1994 —
RECONSIDERATION DENIED JULY 14, 1994 — 

*Burt & Burt, Hilliard P. Burt*, for appellant.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Dawn G. Benson, Divine, Wilkin, Deriso, Raulerson & Fields, E. B. Wilkin, Jr.*, for appellee.