A96A1155. MURPHY v. WOMETCO CABLE TV OF FAYETTE COUNTY, INC. et al.
(478 SE2d 398)

MCMURRAY, Presiding Judge.

Carolyn Murphy filed an action against Wometco Cable TV of Fayette County, Inc. ("Wometco") to recover for injuries she allegedly sustained after tripping and falling on a television cable that

Wometco abandoned on her lawn. Wometco denied the material allegations of the complaint and filed a motion for summary judgment, asserting that any injuries Murphy sustained were the result of a failure to exercise ordinary care for her own safety. The evidence and all inferences and conclusions arising therefrom should be construed most favorably toward the party opposing the motion for summary judgment. See *Mull v. Mickey's Lumber &c. Co.*, 218 Ga. App. 343, 344 (1) (461 SE2d 270).

On May 1, 1993, Carolyn Murphy noticed that Wometco's overhead television cable was sagging, and about a week later she found the cable loosely stretched on the ground across her driveway and yard, close to the house. Murphy reported the problem, but Wometco did not respond. A week passed and the cable remained. Frustrated and perturbed, Murphy again telephoned Wometco, and this time a Wometco agent assured Murphy that the downed television cable would be removed, "as soon as possible." A day or two later, at about 8:30 in the evening on May 11, 1993, Murphy set out for the grocery store with her husband and grandchild, and on the way she noticed that the downed television cable was no longer in the yard. Murphy assumed that Wometco had removed the obstruction, as promised. Later that evening, Murphy learned that this assumption was wrong.

Upon returning home from shopping at about 9:15 p.m., Murphy exited the passenger's side of her car, retrieved two full grocery bags and traversed a shadowy course — over the driveway and through the lawn — to her home's entrance. Just before reaching the door, however, Murphy's foot tangled in something and she went down, falling hard and injuring her knee. Sprawled on the ground and surrounded by fallen groceries, Murphy discovered that she had tripped over Wometco's downed television cable. It was coiled in a "really grassy" area, a few feet from her house's "front porch."

This appeal followed an order granting Wometco's motion for summary judgment. *Held*:

"Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence are for the jury. [Cits.]" *Wade v. Mitchell*, 206 Ga. App. 265, 268 (4) (424 SE2d 810). The case sub judice does not fall within the exception. That is to say, in light of Wometco's assurances to Murphy that the loose television cable would be removed from Murphy's yard "as soon as possible," we cannot say (as a matter of law) that it was unreasonable for Murphy to assume that the cable was no longer in her front yard. Such questions are for a jury, not the trial court upon summary

adjudication. Notwithstanding, Wometco argues that the case sub judice is controlled by *Fitzgerald v. Storer Cable &c.*, 213 Ga. App. 872 (446 SE2d 755). We do not agree.

In *Fitzgerald*, the plaintiff fell over a television cable that had been in his front yard for about 20 months. The cable was in plain view, the plaintiff had traversed the cable at least five times a day during this 20-month period and the plaintiff "acknowledged that when mowing the lawn he and other members of his family accommodated the presence of the cable by moving it manually so as to avoid running the lawnmower over it." Id. at 874 (1). Because the undisputed evidence in *Fitzgerald* plainly and palpably revealed that the plaintiff knew or should have known about the open hazard on his property, this Court affirmed summary judgment in favor of the cable company because plaintiff chose to work around the hazard and thereby failed to exercise ordinary care for his own safety. The circumstances of the case sub judice are not so plain, palpable and undisputed.

First, Murphy did not voluntarily choose to walk near an open hazard. The downed television cable was obstructing the entrance path to her home. Second, Wometco gave Murphy firm assurances (no more than a couple of days before Murphy fell) that the hazard would be removed from her yard "as soon as possible." Third, unlike the circumstances in *Fitzgerald*, it is not clear whether the downed cable was plainly visible. To this issue, Murphy testified that she did not see the cable when she departed for the grocery store; that she did not see the cable when she returned home; that it was dark when she returned from the grocery store and that the cable was coiled in a "grassy area" where she fell. Finally, unlike the plaintiff in *Fitzgerald*, there is no proof that Murphy ever manipulated the cable or routinely examined its location and presence on her property. On the contrary, Murphy's testimony indicates that she is a sedentary person; that she rarely leaves home and that she thus only saw the cable a couple of times before her fall. Accordingly, there being genuine issues of material fact regarding Wometco's alleged maintenance of a hazard on Murphy's property and Murphy's alleged failure to watch out for her own safety, the trial court erred in granting Wometco's motion for summary judgment.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED NOVEMBER 21, 1996.

*Robert K. Prater*, for appellant.

*Baker, Pacious & Hamilton, Kathleen M. Pacious*, for appellees.