**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 14, 2016**

# In the Court of Appeals of Georgia

A16A1737. CHARTER COMMUNICATIONS (DE), INC. et al. v. BERWICK.

ANDREWS, Presiding Judge.

This appeal is from the denial of the appellants' motion for summary judgment in an action seeking damages for injuries sustained by the appellee, Cindy Berwick, when she tripped over a television cable that lay across her driveway. We reverse.

Charter Communications ran a television cable across Berwick's driveway in order to provide cable service to her neighbors. The cable was orange and easily visible during the day, and there was a little slack in it that allowed the cable to move about two feet . At the time of the incident, the cable had been left in place for over 19 months.

On the evening of July 17, 2012, Berwick carried a three-by-three foot piece of picture frame glass out to a recycle bin at the street. It was almost midnight, but with her porch lights on and the street lights, she didn't think she needed a flashlight. She successfully stepped over the cable with her right foot, but her left foot caught on the cable. The motion stressed the glass pane, which broke in two and severely cut Berwick's right ankle. Eventually, it was discovered the falling glass had severed a tendon, which required surgical repair.

Berwick acknowledged she was long aware of the presence of the television cable. She drove across the cable four times each day on average, and walked across it at least once per week.

1. The instant case is similar to *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872 (446 SE2d 755) (1994), which also involved an injury sustained from tripping over a television cable lying across a driveway. In *Fitzgerald* at 873, this Court noted:

> This is not a typical slip and fall case where liability is premised on ownership or control of the premises. We must apply traditional negligence principles to the facts. Three elements must be proved to establish liability based on negligence: that the defendant had a legal duty to protect the plaintiff from a foreseeable risk of the alleged harm, that the defendant's act or omission breached this duty, and that there

exists a causal connection between the defendant's conduct and the alleged injury sufficient to show that the conduct proximately caused the injury.

(Citation and punctuation omitted.)

As in *Fitzgerald*, there is no question but that the first two elements are present in the instant case. But "the law is clear that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citation and punctuation omitted.) *Sudduth v. Young*, 260 Ga. App. 56, 60 (1) (579 SE2d 7) (2003). Because of Berwick's long-term actual knowledge of the presence of the cable and her frequent, successful negotiation of that condition, the proximate cause of her injury in this case was her own lack of due care. *Fitzgerald v. Storer Cable Communications*, supra at 874. Compare *Murphy v. Wometco Cable TV of Fayette County*, 223 Ga. App. 640 (478 SE2d 398) (1996). For that reason, the trial court should have granted summary judgment for the appellants.

2. Berwick's complaint also alleged negligence per se, based on a county ordinance requiring the cable provider to install lines in such a manner so as to cause the minimum interference with the rights and convenience of property owners, and

3

not to cause unreasonable interference with the proper use of streets and public ways. However, even if the appellants violated that county ordinance, "[n]egligence per se does not equal liability per se, and [Berwick's] equal knowledge of the hazard would still entitle [the appellants] to summary judgment." *Norman v. Jones Lang LaSalle Americas*, 277 Ga. App. 621, 629 (2) (627 SE2d 382) (2006).

*Judgment reversed. Doyle, C. J., and Ray, J., concur.*