[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17740
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00167-HLM


ROSEMARY WRIGHT,
CLAUDE WRIGHT,

                                        Plaintiffs - Appellants,

versus

DISH NETWORK, LLC,
DISH NETWORK SERVICE, LLC,
DISHNET SATELLITE BROADBAND, LLC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 2, 2017)

Before HULL, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Rosemary Wright (Rosemary) and Claude Wright (Claude) appeal the district court's grant of summary judgment in favor of DISH Network, LLC, DISH Network Service, LLC, and dishNET Satellite Broadband, LLC with respect to Rosemary's negligence claim, Claude's loss of consortium claim, and the Wrights' punitive damages claim. On appeal, the Wrights assert their allegation of causation as to Rosemary's negligence claim is not mere speculation, and contend the district court erred by granting summary judgment on their remaining claims based on its grant of summary judgment with respect to the negligence claim. After review,[1] we affirm.

## I. BACKGROUND

This case arises out of a trip-and-fall incident that occurred on the Wrights' property on August 21, 2013. On August 4, 2013, the Wrights entered into an agreement with DISH Network under which DISH Network would provide high speed internet service. The same day, a DISH Network Service employee entered the Wrights' property to install new or upgraded equipment. Seventeen days later, while either placing a garbage can near her house or taking out the trash, Rosemary tripped and fell onto her left side, injuring her leg.

---

[1] "We review a district court's grant of summary judgment *de novo,* viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014).

In 2015, the Wrights filed a complaint in state court against DISH Network, DISH Network Service, and dishNET Satellite Broadband, alleging Rosemary had tripped over a wire left on the Wrights' property by the DISH Network Service employee. Rosemary asserted a claim for negligence, and Claude asserted a claim for loss of consortium. The Wrights also alleged a claim for punitive damages. The defendants removed the action to federal court, where it proceeded to discovery.

In her deposition, Rosemary testified that, while taking out the trash one afternoon, her left shoe caught on a wire on the ground, causing her to trip and fall. Rosemary was not looking down as she approached the trash can, and she did not see a wire at any point while she was outside. She also did not feel a wire as she tripped, and she was unaware of how the wire was positioned when she fell. Rosemary first heard about a wire later that day when Claude said she had tripped over it.

Claude testified he observed the DISH Network Service employee who came to upgrade the Wrights' internet. Extending out from the Wrights' house was a green wire, which Claude saw the employee cut. Claude stated the employee "undoubtedly thr[ew] [the green wire] over where the garbage cans were" after cutting it. Claude also testified the employee "took the green wire loose from the old system and it was throw[n] back." Claude admitted he did not

3

see Rosemary fall. Rosemary told him she tripped on something, but did not mention a wire. Claude first saw the wire the following morning.

The defendants moved for summary judgment. In their response to the defendants' statement of material facts, the Wrights admitted there was a ground rod, a garbage can, a rock or a piece of newspaper, and an area where the ground changed to a paved driveway around where Rosemary fell. The Wrights also conceded neither DISH Network nor dishNET Satellite Broadband employed the individual who performed the equipment installation at their house.

The district court granted summary judgment in favor of the defendants. First, the district court concluded DISH Network and dishNET Satellite Broadband were entitled to summary judgment because they did not employ or have a contractual relationship with the DISH Network Service employee who allegedly left the green wire on the ground. The district court further determined Rosemary's testimony that her foot became caught in the wire was self-contradictory and therefore disregarded it. Because the Wrights offered only speculation as to the cause of Rosemary's fall, the district court concluded DISH Network Service was entitled to summary judgment on Rosemary's negligence claim. Finally, the district court granted summary judgment in favor of the defendants on Claude's loss of consortium claim and the Wrights' punitive damages claim because both were derivative of Rosemary's right to recover for her

4

injury.  Accordingly, the district court entered judgment in favor of the defendants.

This appeal followed.

## II. DISCUSSION

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014).  Once the movant submits a properly supported motion for summary judgment, "the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Id.* (quoting *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

In trip-and-fall cases where liability is premised on a third party creating a hazard on the plaintiff's property, traditional negligence principles apply.[2] *See Fitzgerald v. Storer Cable Commc'ns, Inc.*, 446 S.E.2d 755, 756–57 (Ga. Ct. App. 1994).  To establish liability based on negligence, the plaintiff must show that (1) "the defendant had a legal duty to protect the plaintiff from a foreseeable risk of

---

[2] Federal courts sitting in diversity apply the substantive law of the forum state. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996).

5

the alleged harm," (2) "the defendant's act or omission breached this duty," and (3) "there exists a causal connection between the defendant's conduct and the alleged injury sufficient to show that the conduct proximately caused the injury." *Id.* at 757 (quoting *Leonardson v. Ga. Power Co.*, 436 S.E.2d 690, 692 (Ga. Ct. App. 1993), *superseded on other grounds by statute*, Ga. L. 1992, p. 2141, § 1).

The district court properly granted summary judgment in favor of the defendants as to Rosemary's negligence claim. First, the Wrights conceded neither DISH Network nor dishNET Satellite Broadband employed the individual who went to the Wrights' house and allegedly threw the green wire toward the garbage can. Accordingly, Rosemary cannot show that these defendants had a legal duty to protect her from a foreseeable risk of the alleged harm, that the defendants breached this duty, or the existence of a causal connection between the defendants' actions and her injury. *Id.*

Assuming *arguendo* that Rosemary sufficiently established the first two elements of a negligence claim against DISH Network Service, the record as a whole still could not lead a rational jury to find a causal connection between the DISH Network Service employee's alleged conduct and Rosemary's injury. *See Scott*, 550 U.S. at 380, 127 S. Ct. at 1776; *Fitzgerald*, 446 S.E.2d at 757. Although she testified her left shoe caught in a wire, Rosemary did not see a wire outside, nor did she feel a wire as she tripped. Her testimony that she tripped over the wire

is mere speculation.  Claude also could not provide any direct evidence as to the cause of Rosemary's fall because he did not witness the incident.  Rather, Claude simply saw a wire on the ground later that day or the following day and assumed Rosemary tripped over it.

Moreover, the Wrights admitted there were other items in the area which may have caused Rosemary's fall, including a ground rod, a garbage can, a rock or a piece of newspaper, and an area where the ground changed to a paved driveway.  Each presented a potential hazard, and there is no evidence in the record suggesting it is more likely Rosemary tripped over the wire than any of the other objects.

Citing *J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749 (Ga. Ct. App. 1999), the Wrights contend a reasonable jury could infer the wire allegedly thrown by the DISH Network Service employee caused Rosemary's fall.  In *J.H. Harvey*, a premises liability case, the plaintiff allegedly slipped on scuppernongs on the floor of a grocery store.  522 S.E.2d at 751.  As she was getting up, the plaintiff noticed two scuppernongs on the floor next to her.  *Id.*  An assistant manager also saw two scuppernong skins on the floor where the plaintiff fell.  *Id.*  The plaintiff stated she slipped on "something slippery," but she did not know if she had stepped on the scuppernongs or if they caused her to fall.  *Id.*  She did not recall seeing anything else on the floor that could have caused her to fall.  *Id.*  The Court of Appeals of

7

Georgia concluded summary judgment was inappropriate because reasonable jurors could infer from the above evidence that the scuppernongs caused the plaintiff's fall. *Id.* at 752.

Here, by contrast, Rosemary did not see a wire on the ground at any point or feel the wire as she tripped, and Claude only discovered the wire later that day or the next day. Moreover, as discussed above, other objects in the area could have caused Rosemary to trip and fall. The Wrights' speculation that Rosemary tripped over the wire, rather than anything else in the area, is insufficient to create a genuine issue of fact as to whether there was a causal connection between the DISH Network Service employee's conduct and Rosemary's injury. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact."); *see also Pennington v. WJL, Inc.*, 589 S.E.2d 259, 262 (Ga. Ct. App. 2003) ("A mere possibility of causation [in a trip-and-fall case] is not enough and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant.").

Because summary judgment was appropriate with respect to Rosemary's negligence claim, summary judgment also was warranted as to Claude's loss of consortium claim and the Wrights' claim for punitive damages, given that both claims were derivative of Rosemary's negligence claim. *See D.G. Jenkins Homes,*

8

*Inc. v. Wood*, 582 S.E.2d 478, 482 (Ga. Ct. App. 2003) (stating that a claim for punitive damages is a derivative claim); *Supchak v. Pruitt*, 503 S.E.2d 581, 584 (Ga. Ct. App. 1998) ("[O]ne spouse's claim for the loss of the other spouse's society or consortium is a derivative one stemming from the right of the other spouse to recover for his injuries.").

## III. CONCLUSION

Summary judgment was warranted as to Rosemary's negligence claim because she failed to establish any of the elements of a negligence claim with respect to DISH Network and dishNET Satellite Broadband, and a reasonable jury could not find a causal connection between the DISH Network Service employee's alleged conduct and Rosemary's injury. The Wrights' remaining claims fail because they were derivative of Rosemary's negligence claim. Accordingly, the judgment of the district court is

**AFFIRMED.**